BARNES, APPELLANT, *v.* ANDERSON, EXR., ET AL., APPELLEES.

(No. 1162—Decided June 18, 1984.)

*Thomas Repicky,* for appellant.

*Walter Thayer,* for appellees Harold Fuller and David Fuller.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Ashtabula County in which the court overruled plaintiff-appellant's motion to vacate judgment rendered on September 8, 1982, and further dismissed her complaint filed August 22, 1983.

Plaintiff-appellant filed suit to contest the will. This action was dismissed by an entry which states:

"We, the attorneys for the respective parties, do hereby stipulate that the above captioned matter be dismissed without prejudice at plaintiff's cost and that the Court may enter an order accordingly, notice by the Clerk being hereby waived.

"IT IS SO ORDERED.

"CALVIN W. HUTCHINS

"Attorney for Plaintiff-Thomas Repicky

"Attorney for Defendant-Walter Thayer."

The appellant's motion to vacate the above dismissal is bottomed on the contention that she voluntarily dismissed the suit on the basis that she had filed a civil suit in case No. 76465. However, she has since concluded or at least has serious doubt if the civil suit has any merit. Accordingly, she wishes to revive the will contest action in case No. 81-943W.

However, to further complicate matters, previous to filing the motion to vacate, the appellant refiled the same will contest action on August 22, 1983. This case also was filed under case No. 81-943W.

The appellant has not presented to this court all the pleadings in case No. 81-943W. From what we have, it is our conclusion that two identical will contest actions were filed as stated above.

Assignment of Error No. I

"I. The probate court erred in classifying its judgment granting a voluntary dismissal by order of court as incapable of being vacated under Civil Rule 60(B)."

The appellant contends that the probate court erred in its characterization of the September 8, 1982 dismissal by the appellant as a judgment in accordance with Civ. R. 41(A)(1) rather than a judgment entered pursuant to Civ. R. 41(A)(2). It is argued that this mischaracterization prevents application of Civ. R. 60 and thereby prejudices the appellant's ability to obtain an adjudication on the merits.

Civ. R. 41(A)(1) and (A)(2) state:

"RULE 41. Dismissal of actions

"(A). Voluntary dismissal: effect thereof.

"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prej-

udice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.

"(2) By order of court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

As these rules apply to the appellant in this case, it is immaterial whether or not the characterization of the judgment is under Civ. R. 41(A)(1) or 41(A)(2). It appears from the appellant's brief that she is seeking to litigate the interests of "non-signing defendants" who have neither appeared nor actively participated in this lawsuit. On the facts present in this case, there is no just reason for applying the proposition of law set out in *Hensley* v. *Henry* (1980), 61 Ohio St. 2d 277 [15 O.O.3d 283]. The court stated at the syllabus:

"Unless plaintiff's Civ. R. 41(A)(1) (a) notice of dismissal operates as an adjudication upon the merits under Civ. R. 41(A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ. R. 60(B)."

Therefore, the court's order overruling appellant's Civ. R. 60(B) motion was proper.

The record reflects that the appellant has failed to satisfy the requirements for the granting of such a motion as set out in *GTE Electric, Inc.* v. *ARC Industries, Inc.* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86]. That case held at paragraph two of the syllabus:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

The appellant has not satisfied points one or two. Therefore, the motion to vacate is found to be without merit.

### Assignment of Error No. II

"II. The probate court erred in denying plaintiff's refiling the will contest under the savings statute in order to obtain an adjudication on the merits."

The appellant contends that the probate court erred in its construction and application of R.C. 2305.19, the result of which was a denial of the opportunity of the appellant to file a second will contest action.

R.C. 2305.19 provides:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies, and the cause of action survives, his representatives may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant. If the defendant is a corporation, foreign or domestic, and whether its charter prescribes the manner and place, or either, of service of process thereon, and it passes into the hands of a receiver before the ex-

piration of such year, then service to be made within the year following such original service or attempt to begin the action may be made upon such receiver or his cashier, treasurer, secretary, clerk, or managing agent, or if none of these officers can be found, by a copy left at the office or the usual place of business of such agents or officers of the receiver with the person having charge thereof. If such corporation is a railroad company, summons may be served on any regular ticket or freight agent of the receiver, and if there is no such agent, then upon any conductor of the receiver, in any county in the state in which the railroad is located. The summons shall be returned as if served on such defendant."

*Alakiotis* v. *Lancione* (C.P. 1966), 12 Ohio Misc. 257 [41 O.O.2d 381], forecloses the application of R.C. 2305.19 to a case of this kind. The case holds at paragraphs one through three of the syllabus:

"An action to contest a will was unknown at common law and has been created by Section 2741.01, Revised Code.

"The six-month period established in Section 2741.09, Revised Code, for the commencement of a will contest action is a part of the right of action.

"The savings clause of Section 2305.19, Revised Code, for commencing a new action when a suit has failed otherwise than on the merits, is not available in regard to a will contest action."

(R.C. 2741.09 was repealed in 1976 and was replaced with R.C. 2107.76.)

Inasmuch as R.C. 2305.19 does not apply, the appellant's cause of action must be viewed in light of RC. 2107.76, which provides as follows:

"If within four months after a will is admitted to probate, no person files an action * * * to contest the validity of the will, the probate shall be forever bind-ing, except as to persons under any legal disability, or to such persons for four months after such disability is removed. The rights saved shall not affect the rights of a purchaser, lessee, or encumbrancer for value in good faith, nor impose any liability * * * upon a person delivering or transferring property to any other person under authority of a will, whether or not the purchaser, lessee, encumbrancer, fiduciary, or other person had notice, actual or constructive, of the legal disability."

We conclude that the second will contest action was commenced after the statutorily imposed statute of limitations. The probate court was, therefore, without jurisdiction to consider the second will contest action.

*Judgment affirmed.*

FORD, J., concurs.

COOK, P.J., concurs in judgment only.