JOURNAL ENTRY AND OPINION
Within this appeal, Valley Ford Truck Sales, Inc. (Valley Ford) challenges the judgment of the trial court which granted Basil A. Sayre's motion for relief from judgment and vacated Sayre's previous voluntary dismissal of his workers' compensation action without prejudice. Valley Ford also appeals from the judgment of the trial court which denied its motion for summary judgment which was based upon the fact that Sayre did not refile his complaint within the time set forth in the savings statute. For the reasons set forth below, we conclude that the trial court erred in vacating the voluntary dismissal without prejudice since it was not a final order. We further conclude that the trial court erred in denying Valley Ford's motion for summary judgment since Sayre did not refile his action within one year of the dismissal pursuant to R.C. 2305.19
On April 6, 1995, Sayre was injured while working as a truck mechanic at Valley Ford. Initially, a workers' compensation claim was allowed for prepatellar bursitis/left. The Industrial Commission subsequently made an additional allowance for tear posterior horn lateral meniscus left. On July 1, 1997, Valley Ford filed a notice of appeal to the Court of Common Pleas, contesting this additional allowance. Sayre also filed a complaint with the court, alleging that he is entitled to participate in the workers' compensation fund. On December 30, 1997, Sayre filed a notice of voluntary dismissal of his complaint without prejudice. It is undisputed that Sayre did not refile his action within one year of the dismissal pursuant to R.C. 2305.19, and on February 18, 1999, Valley Ford moved for summary judgment.
Sayre filed a motion for relief from judgment, in which he sought to vacate his previous dismissal without prejudice. On May 5, 1999, the trial court granted Sayre's motion and reinstated Sayre's action to the court's active docket. On May 11, 1999, the trial court denied Valley Ford's motion for summary judgment. Valley Ford now appeals and assigns three errors for our review which we shall consider out of their predesignated order.
Valley Ford's second and third assignments of error are interrelated and state:
 THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT VACATING THE ORDER OF VOLUNTARY DISMISSAL PURSUANT TO CIV.R. 60(B)(5) BECAUSE A NOTICE OF DISMISSAL WITHOUT PREJUDICE DOES NOT CONSTITUTE A FINAL APPEALABLE ORDER.
 THE TRIAL COURT ERRED IN VACATING CLAIMAINT'S NOTICE OF VOLUNTARY DISMISSAL PREVIOUSLY FILED PURSUANT TO OHIO CIVIL RULE 41(A).
Within these assignments of error, Valley Ford asserts that the trial court had no jurisdiction to vacate Sayre's voluntary dismissal of his action without prejudice. These claims are well-taken.
As an initial matter, we note that the Rules of Civil Procedure are applicable to appeals brought pursuant to R.C.4123.512. See Price v. Westinghouse Electric Corp. (1982),70 Ohio St.2d 131, 133.
Civ.R. 60(B) states, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. * * *. (Emphasis added).
Ohio Civ.R. 41 provides in pertinent part:
(A) Voluntary dismissal: effect thereof.
 (1) By plaintiff; by stipulation. * * * [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.
This court has repeatedly held that a workers' compensation claimant may dismiss his or her action pursuant to Civ.R. 41, notwithstanding the pendency of an appeal by the employer. SeeSchade v. Adm. Bur. Workers' Comp. (March 13, 1997), Cuyahoga App. No. 70950, unreported; Rogers v. Ford Motor Co. (Aug. 18, 1994), Cuyahoga App. No. 66188, unreported.
Nonetheless, in Hensley v. Henry (1980), 61 Ohio St.2d 277, syllabus, the court held as follows:
 Unless plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B).
In this matter, Sayre filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a). It is undisputed that Sayre had not previously dismissed the action. Therefore, Sayre's voluntary dismissal was not an adjudication on the merits. Consequently, it cannot constitute a final order for Civ.R. 60(B) purposes. Id.; see, also, Barnes v. Anderson (1984), 17 Ohio App.3d 142,144; Pisani v. Pisani (Sept. 24, 1998), Cuyahoga App. No. 74373, unreported; Stafford v. Hetman (June 4, 1998) Cuyahoga App. No. 72825, unreported. The trial court therefore erred in vacating the voluntary dismissal without prejudice.
This assignment of error is well-taken. The judgment of the trial court which vacated Sayre's voluntary dismissal without prejudice is hereby reversed.
Valley Ford's first assignment of error states:
 THE TRIAL COURT ERRED IN NOT GRANTING VALLEY FORD'S MOTION FOR SUMMARY JUDGMENT BECAUSE MR. SAYRE FAILED TO REFILE HIS COMPLAINT WITHIN THE ONE YEAR TIME PERIOD MANDATED BY THE SAVINGS STATUTE.[1]
Valley Ford next asserts that it is entitled to summary judgment on Sayre's claim in this action since Sayre did not refile his complaint within the statute of limitations or the time allotted pursuant to the savings statute, R.C. 2305.19. Sayre argues that the evidence of record clearly demonstrates that Valley Ford is equitably estopped from asserting the statute of limitations defense due to its prior conduct in this matter.
This Court has ruled that Civ.R. 41(A) voluntary dismissals apply to all workers' compensation appeals, and the employee may voluntarily dismiss his complaint and refile it within the savings statute. Rogers v. Ford Motor Co. (Aug. 18, 1994), Cuyahga App. No. 66118, unreported. However,
 If an employee does not refile his complaint within the year's time, he can no longer prove his entitlement to participate in the workers' compensation system, as is his burden on appeal. Zuljevic, supra at 118. In that instance, the employee's failure to refile his complaint warrants judgment for the employer in the same fashion that a defendant's failure to answer a complaint warrants default judgment for the plaintiff.
Rice v. Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No 72515, unreported.
Further, in Neal v. Maniglia (April 6, 2000), Cuyahoga App. No. 75566, unreported, this Court determined that even if the parties agreed to waive the prohibition against repeated use of the savings statute, the parties may not, by stipulation or agreement, confer subject matter jurisdiction where it is otherwise not present.
In accordance with the foregoing, we are compelled to conclude that Sayre's failure to refile his complaint within the savings statute operates as a forfeiture of his right to participate in the workers' compensation system and, as a matter of law, there can be no genuine issue of material fact as to whether Valley Ford should be equitably estopped from asserting the statute of limitations defense because the parties are simply without authority to confer jurisdiction where it is not otherwise present. Accordingly, the trial court erred in denying Valley Ford's motion for summary judgment.
The second assignment of error is well-taken.
The judgment of the trial court which permitted Sayre to vacate the voluntary dismissal of his complaint is reversed. The judgement of the trial court which denied Valley Ford's motion for summary judgment is also reversed.
It is, therefore, considered that said appellants recover of said appellee the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND TERRENCE O'DONNELL, J., CONCUR
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
[1] Our ruling on the previous assignment of error does not render this assignment of error moot. See Rice v. Stouffer FoodsCorp. (Nov. 6, 1997), Cuyahoga App. No 72515, unreported.