OPINION
{¶ 1} Plaintiff-appellant, Patsy J. Allen, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, granting the motion to dismiss of defendants-appellees, Mary Baker, Shirley Lyttle, Shirley Stringfellow, and Dennis Lyttle, individually, and as executor of the Estate of Lavenia Starr. Plaintiff assigns a single error:
 THE PROBATE COURT ERRED IN DISMISSING THE WILL CONTEST ACTION.
Because the trial court improperly concluded that R.C. 2305.19
does not apply to will contest actions, we reverse.
 {¶ 2} On March 22, 2002, plaintiff filed a complaint challenging the purported Last Will and Testament of the decedent, Lavenia Starr, and requesting a medical release from the executor of the estate. Of those persons named in the complaint, Mary Baker, Shirley Stringfellow, Dennis Lyttle, and Shirley Lyttle, filed answers.
 {¶ 3} Pursuant to a status conference held on June 17, 2002, the trial court (1) granted default judgment against the non-answering parties, (2) set a case schedule with a cutoff for discovery of December 17, 2002, and (3) noted defendants' agreement both to provide plaintiff with a medical release and to produce a copy of the transcript from the court reporter who was present when the decedent executed her purported second will.
 {¶ 4} By letter dated December 26, 2002, plaintiff notified defendants of her interest in taking the deposition of Dennis Lyttle, executor of the decedent's estate. In a letter dated January 2, 2003, defendants noted the discovery deadline had passed. Defendants followed the letter with a January 9, 2003 Motion for Summary Judgment.
 {¶ 5} On January 20, 2003, plaintiff filed a notice to take Dennis Lyttle's deposition; defendants responded with a motion for protective order regarding the deposition. Plaintiff then filed a motion for a continuance. Prompted by plaintiff's (1) request for admissions and interrogatories directed to Dennis Lyttle, and (2) subpoena duces tecum directed to Ray King, former counsel for defendants, defendants filed, on February 7, 2003, a second motion for a protective order and a motion to quash the subpoena; on February 14, 2003, defendants filed a motion in limine to exclude the testimony of plaintiff's disclosed expert witness, Dr. Ronald Litvak, M.D.
 {¶ 6} By entry filed February 24, 2003, the trial court granted defendants' two motions for a protective order, denied defendants' summary judgment motion, denied defendants' motion in limine, and denied plaintiff's request to continue the trial and to establish a new discovery cutoff. The same day, plaintiff filed a motion seeking that the court reconsider its decision to grant defendants' first motion for protective order and to deny plaintiff's request for continuance of the trial date. The day before the trial court denied plaintiff's motion for reconsideration, plaintiff dismissed her complaint without prejudice pursuant to Civ.R. 41(A)(1)(a).
 {¶ 7} Plaintiff refiled the complaint the next day. On March 12, 2003, the same four defendants answered and filed a motion to dismiss, contending R.C. 2305.19 does not apply to will contest actions. Plaintiff responded with a motion for sanctions against Dennis Lyttle and his counsel. The trial court denied plaintiff's motion for sanctions and granted defendants' motion to dismiss.
 {¶ 8} Plaintiff's single assignment of error on appeal raises a narrow legal issue: whether R.C. 2305.19, the savings statute, applies to will contests. The savings statute provides: "In an action commenced, or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." Relying on the three appellate decisions of Barnes v. Anderson (1984), 17 Ohio App.3d 142,145, Peltz v. Peltz (June 27, 1997), Geauga App. No. 96-G-2026, and Crossv. Conley (July 12, 2000), Highland App. No. 99CA5, the trial court concluded the savings statute does not apply to a cause of action created by statute which was unknown in the common law and which contains its own statute of limitations. Each of those three decisions, in turn, is premised on the common pleas court decision in Alakiotis v. Lancione
(1966), 12 Ohio Misc. 257, 261.
 {¶ 9} In Alakiotis, the court concluded that will contests were actions unknown in the common law; the right of action was created statutorily. Noting that the statute creating a will contest action included a statute of limitations, the court concluded the savings statute was inapplicable: "the conclusion is inescapable that the savings clause of Section 2305.19, Revised Code, does not apply to a cause of action created by statute which is unknown to the common law and which in terms contains its own statute of limitation." Id. at 261.
 {¶ 10} Citing Alakiotis, Barnes also concluded R.C. 2305.19 does not apply to will contest actions. Similarly, Peltz determined the plaintiff in that action was "precluded from using the savings statute since the General Assembly intended the specific, four-month time limit set forth in R.C. 2107.76 to take precedence over the general one-year limit in R.C. 2305.19." Id. Relying on Barnes, Cross refused the plaintiff's request that the court reexamine and reject the holding fromAlakiotis. Instead, the Cross court noted the General Assembly had ample opportunity to amend either R.C. 2305.19 or the statute of limitations applicable to will contests, but had chosen not to overturn Alakiotis.
Moreover, the court determined that even if it were to reexamine the rationale of Alakiotis, the reasoning remained persuasive, as the statute of limitations contained in R.C. 2107.76, pertinent to will contest actions, "is to promote the speedy administration of estates. Applying R.C. 2305.19 to will contest actions would give the appellants their day in court, but it would also lead to unnecessary delays in the administration of estates, the very thing that the four-month limitation period for will contest actions under R.C. 2107.76 was meant to prevent."Cross, supra.
 {¶ 11} Subsequent to each of those decisions, the Ohio Supreme Court decided Osborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368,2002-Ohio-4846. Before Osborne, however, the Supreme Court decided two cases that provided the milieu for Osborne: Reese v. Ohio State Univ.Hosp. (1983), 6 Ohio St.3d 162, and Lewis v. Connor (1985),21 Ohio St.3d 1.
 {¶ 12} In Reese, the court considered whether the savings statute applies to a cause of action brought pursuant to R.C. Chapter 2743. As do defendants here, the appellees in that case asserted the specific statute of limitation, found there in R.C. 2743.16, is not subject to extension for any reason and, therefore, not subject to the savings statute. Id. at 163. The Supreme Court rejected appellees' position, noting the Court of Claims Act does not create new rights or causes of actions, but "rather, creates only a remedy." Id. Since R.C. 2743.16 is a "time limitation upon a remedy, not a limitation upon a substantive right created by statute," the Supreme Court concluded R.C. 2305.19 applies to actions commenced under R.C. Chapter 2743: "[U]nless some provision of R.C. Chapter 2743 provides otherwise, the savings statute is applicable to suits against the state in the Court of Claims." Reese, at 164.
 {¶ 13} The Supreme Court next considered application of the savings statute to a claimant's appeal to the common pleas court in a workers' compensation action pursuant to R.C. 4123.519, now R.C. 4123.512. Lewis,
supra. The appellees in that case contended "R.C. 4123.519 created a new, substantive right of action governed by the time limitation contained in the statute;" that because the "statute is one of creation of rights rather than limitation on a remedy, when the sixty-day limitation for filing a notice of appeal had run[,] appellant's right of action was extinguished and her complaint could not be saved by R.C.2305.19." Id. at 3.
 {¶ 14} Rejecting that argument, the Supreme Court determined R.C.4123.519 did not create a substantive right of action, but provided a "course of procedure or a method of review," and thus was a remedial statute. Id. (Emphasis added.) Having reached that conclusion, the court, relying on Reese, reached a similar result: the savings statute applies to workers' compensation appeals under R.C. 4123.519. Lewis, at 4. As the court explained, "[w]e decline to hold that appellant has entered the `twilight zone' where dismissal of her complaint without prejudice after expiration of the limitation period of R.C. 4123.519 has the same effect as a dismissal on the merits, barring any further action with respect to the same claim." Id. at 4.
 {¶ 15} In reaching its decision, the Supreme Court candidly admitted it was "unable to determine the continuing justification for the `right/remedy' dichotomy urged upon us by appellees. The trend now is to ameliorate the harsh consequences of the rule that under no circumstances can the time limitation be extended where that limitation is found to be a condition of the right created." Id. at 3, fn. 3. Quoting Scarboroughv. Atlantic Coast Line RR. Co. (C.A. 4, 1949), 178 F.2d 253, 259, the court stated that "[t]he distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and fast as many writers and judges would have us believe. Each type of statute, after all, still falls into the category of a statute of limitations. And this is none the less true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. * * * Here the proper approach is not technical and conceptualistic. Rather, we think it should be realistic and humane." Id.
 {¶ 16} With those two cases as backdrop, the Supreme Court inOsborne addressed whether the savings statute applied to an action brought pursuant to R.C. Chapter 4112, claiming age discrimination. Appellant's action in federal court had been dismissed without prejudice, and within a year of the dismissal she filed an age discrimination claim in a common pleas court in Ohio. The trial court dismissed the action, refusing to apply R.C. 2305.19.
 {¶ 17} Consistent with the position the appellees had taken inReese and Lewis, the appellee in Osborne relied on Crandall v. Irwin
(1942), 139 Ohio St. 253, where the court stated that "[w]here the limitation of time is an inherent part of a right unknown to the common law and created by statute, time is of the essence, and there is no right unless the action or proceeding to enforce such right is commenced within the statutory [time] limit." Id., paragraph three of the syllabus.
 {¶ 18} Applying the holding of Lewis, Osborne concluded that R.C.2305.19, the savings statute, applied to claims filed pursuant to R.C. Chapter 4112. Even though no cause of action existed for age discrimination in the absence of the statutory provisions of R.C. Chapter 4112, the Supreme Court concluded "the entirety of R.C. Chapter 4112 is remedial." Osborne, at 370. "Because R.C. Chapter 4112 is remedial, it must be `liberally construed to promote its object (elimination of discrimination) and protect those to whom it is addressed (victims of discrimination).'" Id., citing Elek v. Huntington Natl. Bank (1991),60 Ohio St.3d 135, 137.
 {¶ 19} Osborne eviscerated the rationale underpinning Alakiotis and the appellate decisions relying on it. Although R.C. Chapter 4112 created a statutory cause of action and contained its own statute of limitations, the Supreme Court determined R.C. 2305.19 applied to actions brought under that chapter of the Revised Code. See Ruble v. Ream,
Washington App. No. 03CA14, 2003-Ohio-5969, ¶ 29 (stating that "[t]he underlying rationale of Osborne is that when a cause of action is a creature of statute and that statute contains a specific limitations period, the savings statute nevertheless applies"). In the absence of the rationale of Alakiotis, we attempt to apply the analysis of Osborne to ascertain whether the savings statute should apply to will contest actions.
 {¶ 20} As the Supreme Court noted in Lewis, the distinction between right and remedy is difficult to wield. Here, the ability to bring a will contest action is no more or less a right created by statute than the ability to bring an age discrimination action. While the statutes governing will contests have been referred to as providing a right that previously had not existed, so, too, have provisions of R.C. Chapter 4112 been deemed to create rights. See Elek, supra (stating that "R.C. 4112.99
must be interpreted to afford victims of handicap discrimination theright to pursue a civil action"). (Emphasis added.)
 {¶ 21} Moreover, although Elek describes R.C. Chapter 4112 as remedial, so, too, have cases referred to the will contest provisions as remedial. See Morton v. Fast (1953), 159 Ohio St. 380, 382 (stating that "[a]n action to contest a will is provided for in Chapter 8, entitled `To Contest Will,' of Division VII, entitled `Special Actions,' of Title IV, entitled `Procedure in Common Pleas Court,' of Part Third, entitled `Remedial,' of the General Code of Ohio"); Beverly v. Beverly (1973),33 Ohio App.2d 199 (finding a provision of the will contest statutes to be remedial);Baird v. Detrick (1917), 28 Ohio Dec. 110, 118 (holding that "the proceeding to contest a will is a statutory remedy or action"). While the remedial aspects of a cause of action for age discrimination are apparent, the remedial aspects of a will contest action are also evident, for it provides the sole remedy for an injustice created when a decedent is wrongly influenced to divert family treasures from their rightful beneficiary. Davidson v. Brate (1974), 44 Ohio App.2d 248,251-252 (concluding that "the Will Contest Act was designed to provide a special and exclusive remedy for testing, in terms of the essential requisites of age, competency, lack of restraint or revocation, the basic validity of the entire document purporting be a last will and testament").
 {¶ 22} In the end, the parallels between this case and Osborne are compelling. Both the action in Osborne and the one plaintiff brought here legitimately may be characterized as creatures of statutes that create rights unknown in the common law. Both causes of action have been characterized as remedies or remedial. While the statute of limitations in the will contest is short, the statute of limitations in Lewis was even shorter, but that did not dissuade the court from applying the savings statute.
 {¶ 23} Nonetheless, we recognize some distinctions between a workers' compensation appeal or a discrimination action on the one hand, and a will contest on the other. In workers' compensation and discrimination actions, dismissal of the complaint leaves nothing pending; rather, refiling the complaint induces some action from the defendant in reaction to the complaint. By contrast, when a will contest is dismissed, the administration of the will continues. The issue before us resolves to whether application of the savings statute so adversely affects the administration of the estate that the legislature could not have intended to apply the savings statute to will contest actions. In the final analysis, the adverse effects are no greater than those inherent in the administration of an estate in the absence of the savings statute, and thus we conclude the savings statute applies to plaintiff's dismissal of her will contest action.
 {¶ 24} Without question, the statute of limitations for will contests changed from four months to three months, is short. In the case of an expedited estate, however, the administration of the estate may be completed before the statute of limitations for a will contest has expired. A successful will contest, in such an instance, may require that, at least in part, the administration of the estate be undone, much as might occur if a refiled will contest complaint proved to be successful. Moreover, application of the savings statute to will contest actions does not slow the administration of the estate significantly more than does the right to appeal various rulings of the probate court during the administration of the estate. Indeed, because nothing requires that an estate be held open to determine if a dismissed will contest eventually will be refiled, the failure to refile before the administration of the estate is completed arguably may preclude further action and instead become part of the risk a will contestant takes in dismissing a will contest.
 {¶ 25} Lastly, we note the Supreme Court's decision in Palazzi v.Estate of Gardner (1987), 32 Ohio St.3d 169, where the court considered the due process implications for a non-resident, Palazzi, who should have had notice of the filing of a will, but notice was not sent. The court ultimately determined Palazzi could not seek tolling of the statute of limitations applicable to will contests because Palazzi did not file a will contest within four months, the then statute of limitations, after learning of the information the notice would have provided. Apparently in reaction to Palazzi, the General Assembly amended R.C. 2107.76 to provide that if tolling of the statute of limitations occurs due to a person's being under a legal disability, a will contest action initiated after the disability is removed does not impact the rights of certain third parties who have taken from the estate. Similarly, application of the savings statute to a will contest should not impact the general creditors and most third parties of the estate, who would have to be paid regardless of the identity of those who take the residue of the estate. Instead, it should affect the beneficiaries, who are the same ones to be affected by a will contest brought after a legal disability is removed and a will contest action is filed pursuant to the tolling provisions of R.C. 2107.76.
 {¶ 26} Because the effect of the savings statute on the estate is not substantially greater than that posed by other applicable statutes and rules, the reasoning of the Supreme Court is appropriate. In bothReese and Lewis, the court noted that nothing in R.C. 2743.16 or 4123.519, respectively, prohibits refiling an action that was originally timely commenced. Moreover, as with the statute at issue in Lewis, the will contest statutes do not provide "any guidance for the situation in which a timely filed complaint has been dismissed without prejudice after the time for commencement set forth in that statute has expired. * * * R.C.2305.19 `fills this void.'" Lewis, at 4, quoting Reese, at 163.
 {¶ 27} The savings statute "is neither a statute of limitations nor a tolling statute extending the statute of limitations. Instead, it is clear that R.C. 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run." Lewis, at 4. Because the facts before us fall within those parameters, we diverge from the other appellate districts on this issue, apply Osborne and, in the absence of any provision to the contrary in the will contest statutes, conclude the savings statute applies to plaintiff's will contest action. We recognize the conflict our decision creates and, on the request of defendants, will certify a conflict to the Supreme Court on the issue of whether R.C.2305.19 applies to will contest actions.
 {¶ 28} For the foregoing reasons, however, we sustain plaintiff's single assignment of error, reverse the judgment of the trial court, and remand this matter for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BROWN and SADLER, JJ., concur.