OPINION
{¶ 1} This is an appeal from an order of the Probate Courtthat granted an executor's motion to dismiss an action brought tocontest the validity of a will.
 {¶ 2} The testator, Helen L. Helvie, died on September 3,2002. Thereafter, Defendant-Appellee, Jean E. Kiernan, offeredHelvie's will for probate. The Probate Court admitted the will toprobate and appointed Kiernan executor of Helvie's estate.
 {¶ 3} On November 4, 2002, and pursuant to R.C. 2107.19(A)(3),Kiernan filed a certificate signed by Plaintiffs-Appellants,waiving their right as persons interested in Helvie's will tonotice that the will had been admitted to probate. Three monthsand six days later, on February 10, 2003, Plaintiffs commenced anaction in the Probate Court contesting Helvie's will.
 {¶ 4} The complaint that Plaintiffs filed contains threeclaims for relief. Count I alleged that Helvie lacked thetestamentary capacity required to make a valid will. Count IIalleged fraud on the part of the executor, Kiernan. Count IIIalleged that Kiernan had converted Helvie's property to Kiernan'suse and benefit.
 {¶ 5} Kiernan filed two pleadings responsive to the complaint,one as executor and another individually. Together, her Answersdenied the claims for relief in all three counts of thecomplaint. Concerning the fraud and conversion claims against herin Counts II and III, respectively, Kiernan asserted anaffirmative defense that the Probate Court lacked jurisdiction todetermine those claims for relief.
 {¶ 6} Approximately three months after her responsivepleadings were filed, on June 9, 2003, Kiernan filed a motion todismiss the fraud and conversion claims for relief in Counts IIand III of Plaintiffs' complaint for lack of jurisdiction,asserting again the jurisdictional grounds of her affirmativedefense.
 {¶ 7} On June 17, 2003, Kiernan filed a motion to dismiss theclaim for relief in Count I of the complaint for lack ofjurisdiction. She argued that the claim for relief was barredbecause it was not filed within three months after she certifiedthat Plaintiffs waived their right to notice that Helvie's willwas admitted to probate, a time requirement imposed by R.C.2107.06.
 {¶ 8} The trial court granted the motion to dismiss the fraudand conversion claims in Counts II and III of the complaint,finding that it lacked jurisdiction to determine them. The courtalso dismissed the claim for relief in Count I alleging a lack oftestamentary capacity, because Plaintiffs' action on the claimwas not timely commenced.
 {¶ 9} Plaintiffs filed a timely notice of appeal from thetrial court's order of dismissal. They argue that the trial courterred when it dismissed Count I of their complaint, which allegedthat Helvie lacked the testamentary capacity to execute a validwill.
 {¶ 10} The Probate Court did not expressly dismiss Count I forlack of jurisdiction, the defect which Kiernan alleged in hermotion of June 17, 2003. Rather, the court granted the motion forthe reason which Kiernan cited, that the action on the claiminvolved is barred by R.C. 2107.06 and therefore was not timelyfiled. We conclude that the court was not authorized to grant themotion for that reason.
 {¶ 11} Subject matter jurisdiction connotes the power andauthority to decide particular types of cases on the merits andto render valid judgments therein. Morrison v. Steiner (1972),32 Ohio St.2d 86. The jurisdiction of the court of common pleasand its divisions is determined by statute.
 {¶ 12} Article IV, Section 4(B), Ohio Constitution; Mattonev. Argentina (1931), 123 Ohio St. 393. Per R.C. 2101.01, theProbate Court is a division of the court of common pleas.Therefore, proceedings in the probate court are restricted tothose actions permitted by statute. Corron v. Corron (1988),40 Ohio St.3d 75.
 {¶ 13} R.C. 2107.71(A) provides that a person who isinterested in a will or codicil admitted to probate, and whichhas not been declared valid, "may contest its validity by a civilaction in the probate court in the county in which such will orcodicil was admitted to probate." Id. The claim for relief inCount I of the complaint makes that allegation.
 {¶ 14} R.C. 2107.71(A) is jurisdictional. Invocation of thecourt's jurisdiction is nevertheless restricted by a limitationof actions provision in R.C. 2107.76, which states:
 {¶ 15} "No person who has received or waived the right toreceive the notice of the admission of a will to probate requiredby section 2107.19 of the Revised Code may commence an actionpermitted by section 2107.71 of the Revised Code to contest thevalidity of the will more than three months after the filing ofthe certificate described in division (A)(3) of section 2107.19of the Revised Code."
 {¶ 16} Plaintiffs-Appellants do not dispute that the complaintcontesting the validity of Helen L. Helvie's will which theyfiled on February 10, 2003, commenced the action on their claimsmore than three months after Kiernan filed the certificaterequired by R.C. 2107.19(A)(3), on November 4, 2002. Rather,Plaintiffs argue, as they did in the trial court in opposition toKiernan's motion to dismiss, that Kiernan was barred from seekingdismissal for the reasons she alleged and on which the ProbateCourt relied.
 {¶ 17} R.C. 2107.76 is, as we have said, a limitation ofactions provision, barring commencement of an action invoking thesubject-matter jurisdiction that R.C. 2107.71(A) otherwiseconfers on the Probate Court. Statute of limitations restrictionsare affirmative defenses that must be specifically averred in apleading responsive to a complaint. Civ.R. 8(C). If not sopleaded they are waived, and therefore may not thereafter beraised by written motion or at trial. Hoover v. Sumlin (1984),12 Ohio St.3d 1.
 {¶ 18} Defendant, Kiernan, argues that the R.C. 2107.76three-month filing requirement is jurisdictional, relying onBarnes v. Anderson (1984), 17 Ohio App.3d 142. We have reviewedBarnes and find that it was instead concerned with the effectof the savings statute, R.C. 2305.19. The court's concludingcomment that the effect of the limitation of actions provision inR.C. 2741.09, which is applicable to comparable actions filed inthe general division, is jurisdictional, in our view wasmisplaced.
 {¶ 19} The correct view was stated in Division of Aid ForAged v. Marshall (1944), 42 L.Abs. 131, 59 N.E.2d 942, adecision of this court. We held that provisions of the ProbateCode that impose similar time limitations on when a claim againstan estate may be presented are statutes of limitation. As such,claims averring a failure to comply with that form of requirementare affirmative defenses and subject to the pleading requirementsof Civ.R. 8(C), which bars motions on such claims that are filedafter responsive pleadings in which the claim was notaffirmatively pleaded. Hoover v. Sumlin.
 {¶ 20} Kiernan did not plead the Plaintiffs' failure tosatisfy the R.C. 2107.76 limitation of actions provision as anaffirmative defense to the claims in Count I of Plaintiffs'Complaint in either of the two Answers she filed. Therefore, hermotion of June 17, 2003, making that claim for the first time,was barred. The court was likewise barred from granting therelief the motion requested, notwithstanding the fact that themotion mischaracterized the claim as jurisdictional rather thanone asserting a prohibited statute of limitation defense.
 {¶ 21} The assignment of error is sustained. The judgment ofthe Probate Court dismissing Count I of Plaintiffs' complaint isreversed and the cause is remanded for further proceedingsconsistent with this opinion.
 Wolff, J., and Young, J., concurs.