ALLEN, APPELLEE, *v*. MCBRIDE ET AL., APPELLANTS.

**[Cite as *Allen v. McBride*, 105 Ohio St.3d 21, 2004-Ohio-7112.]**

*Will-contest actions — R.C. 2107.76 — Saving statute — R.C. 2305.19, the saving statute, applies to will-contest actions.*

(Nos. 2004-0242 and 2004-0407 — Submitted October 26, 2004 — Decided December 30, 2004.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 03AP-432, 2003-Ohio-7158.

_____

SYLLABUS OF THE COURT

R.C. 2305.19, the saving statute, applies to will-contest actions.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 1} This appeal requires us to consider a single narrow issue—whether R.C. 2305.19, Ohio's saving statute, applies to will-contest actions. For the reasons that follow, we answer this question in the affirmative and affirm the judgment of the court of appeals.

{¶ 2} The relevant facts concerning the certified question before us are undisputed. We focus only on the details necessary to place that issue in context.

{¶ 3} On March 22, 2002, plaintiff-appellee, Patsy J. Allen, filed a will-contest action in the Probate Division of the Franklin County Common Pleas Court concerning the validity of a will executed by Lavenia M. Starr, who had died on July 8, 2001. On February 24, 2003, Allen voluntarily dismissed her complaint without prejudice under Civ.R. 41(A)(1)(a), noting that she intended to refile the complaint under the saving statute, R.C. 2305.19. The next day, Allen refiled the complaint.

**{¶ 4}** On March 12, 2003, defendants-appellants Mary Baker, Shirley Lyttle, Shirley Stringfellow, and Dennis L. Lyttle answered and moved to dismiss, asserting that R.C. 2305.19 is inapplicable to will-contest actions. The trial court granted the motion to dismiss, specifically finding that the saving statute does not apply to will-contest actions.

**{¶ 5}** The Court of Appeals for Franklin County reversed the judgment of the probate court, holding that R.C. 2305.19 applies. Finding its judgment in conflict with the judgments of the Eleventh District Court of Appeals in *Barnes v. Anderson* (1984), 17 Ohio App.3d 142, 17 OBR 242, 478 N.E.2d 248, and *Peltz v. Peltz* (June 27, 1997), Geauga App. No. 96-G-2026, 1997 WL 402373, and the judgment of the Fourth District in *Cross v. Conley* (July 12, 2000), Highland App. No. 99CA5, 2000 WL 1010771, the court of appeals granted a motion to certify a conflict. The cause is now before this court upon our determination that a conflict exists in case No. 2004-0407 and upon the acceptance of a discretionary appeal in case No. 2004-0242.

**{¶ 6}** The issue certified for our review is straightforward: "whether R.C. 2305.19 applies in will contest actions." To resolve that question, we must consider two statutes. Former R.C. 2305.19, as applicable to this case, provides: "In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."[1]

**{¶ 7}** Former R.C. 2107.76, 145 Ohio Laws, Part III, 5092, 5095, as applicable to plaintiff in this case, provides: "No person who has received * * * the notice of the admission of a will to probate * * * may commence an action * *

---

1. R.C. 2305.19 has been amended, effective June 2, 2004, with the quoted language changed and that portion of the statute now designated as R.C. 2305.19(A). See 2004 Am.Sub.H.B. No. 161. The revisions are not substantive for purposes of the issue in this case, and our decision also applies to the amended statute.

* to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code."[2]

{¶ 8}  In finding that R.C. 2305.19 does not apply to will-contest actions, the probate court followed the holdings of the three appellate cases certified by the court of appeals as in conflict with its decision and also followed *Alakiotis v. Lancione* (1966), 12 Ohio Misc. 257, 261, 41 O.O.2d 381, 232 N.E.2d 663, a seminal common pleas court decision relied upon within those three appellate decisions.

{¶ 9}  *Alakiotis* reasoned that because a will-contest action is a cause of action created by statute and is unknown to the common law, and because there is a specific statute of limitations applicable to will-contest actions, R.C. 2305.19 does not apply.  Id., 12 Ohio Misc. at 261, 41 O.O.2d 381, 232 N.E.2d 663.  See, also, *Barnes*, 17 Ohio App.3d at 145, 17 OBR 242, 478 N.E.2d 248 ("*Alakiotis* * * * forecloses the application of R.C. 2305.19 to a case of this kind"); *Peltz*, Geauga App. No. 96-G-2026, 1997 WL 402373, * 3 ("the General Assembly intended the specific, four-month time limit set forth in [former] R.C. 2107.76 to take precedence over the general one-year limit in R.C. 2305.19"); *Cross*, Highland App. No. 99CA5, 2000 WL 1010771, * 3 (remarking that the General Assembly has chosen not to disturb the ruling in *Alakiotis*, even though it has had ample opportunity, and stating, "[T]he purpose behind imposing the four-month limitation period, contained in [former] R.C. 2107.76, is to promote the speedy administration of estates").

{¶ 10} The appellate court below, on the other hand, found that even though the rule of *Alakiotis* had governed this issue since that case was decided, recent decisions of this court have undermined the validity of *Alakiotis* and the

---

2.  R.C. 2107.76 was amended, effective October 31, 2001, to shorten the time to commence an action to contest the validity of a will from four months to three months after the filing of the certificate.  See 2001 Sub.H.B. No. 85.  Our holding in this case also applies to the amended statute.

cited appellate cases based on it. The court of appeals recognized that three decisions of this court involving R.C. 2305.19 call *Alakiotis*'s ruling into question. Further, the court of appeals distinguished statutes that create rights from those that create remedies.

{¶ 11} In *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St.3d 162, 6 OBR 221, 451 N.E.2d 1196, syllabus, this court held, "R.C. 2305.19 is applicable to suits against the state in the Court of Claims" and observed, "The Court of Claims Act, R.C. 2743.01 *et seq.*, * * * does not create new rights or causes of action but, rather, creates only a remedy." Id. at 163, 6 OBR 221, 451 N.E.2d 1196.

{¶ 12} In *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, syllabus, this court held that R.C. 2305.19 "is applicable to workers' compensation complaints filed in the common pleas court." Such complaints were required by the relevant statute (at that time, R.C. 4123.519, now 4123.512) to be filed within 60 days after receipt of the Industrial Commission's decision. *Lewis*, 21 Ohio St.3d at 2-3, 21 OBR 266, 487 N.E.2d 285.

{¶ 13} Both the trial court and the court of appeals in *Lewis* had found that the saving statute did not apply to such complaints, with the court of appeals accepting the arguments that the statute at issue created a substantive right of action unknown at common law, that the 60-day limitation period within the statute was an inherent part of the statute that created the right, and that when the statutory period expires, the right is extinguished. Id., 21 Ohio St.3d at 2, 21 OBR 266, 487 N.E.2d 285. The *Lewis* court rejected this reasoning.

{¶ 14} Most recently, in *Osborne v. AK Steel/Armco Steel Co.*, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, syllabus, this court unanimously held that R.C. 2305.19 applies to R.C. Chapter 4112 age-discrimination actions. The *Osborne* court explained that in *Lewis*, "this court found that R.C. 2305.19 applied to save a claim even though the claim (workers' compensation) is a

creature of statute and the Workers' Compensation Act contained its own limitations period. The *Lewis* opinion turned on this court's determination that R.C. 4123.519, now 4123.512, was a remedial statute, not a right-creating statute." *Osborne*, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, ¶ 4, citing *Lewis*, 21 Ohio St.3d at 3, 21 OBR 266, 487 N.E.2d 285.

{¶ 15} This court in *Osborne* extended the holding in *Lewis*, remarking, "Like the court in *Lewis*, '[w]e decline to hold that *Osborne* has entered the "twilight zone" where dismissal of her complaint without prejudice after expiration of the limitation period of [the relevant statute] has the same effect as a dismissal on the merits, barring any further action with respect to the same claim.' " *Osborne*, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, ¶ 5, quoting *Lewis*, 21 Ohio St.3d at 4, 21 OBR 266, 487 N.E.2d 285.

{¶ 16} We fully agree with the court of appeals' observation that "*Osborne* eviscerated the rationale underpinning *Alakiotis* and the appellate decisions relying on it. Although R.C. Chapter 4112 created a statutory cause of action and contained its own statute of limitations, the Supreme Court determined R.C. 2305.19 applied to actions brought under that chapter of the Revised Code. See *Ruble v. Ream*, Washington App. No. 03CA14, 2003-Ohio-5969, [2003 WL 22532858], ¶ 29 (stating that '[t]he underlying rationale of *Osborne* is that when a cause of action is a creature of statute and that statute contains a specific limitations period, the savings statute nevertheless applies')." The court of appeals accurately determined that since the rationale of *Alakiotis* is no longer valid, the reasoning underlying *Osborne* is relevant to whether the saving statute pertains to will-contest actions.

{¶ 17} When this case is compared to *Osborne*, the similarities are apparent. As the court of appeals stated:

{¶ 18} "[T]he ability to bring a will contest action is no more or less a right created by statute than the ability to bring an age discrimination action.

While the statutes governing will contests have been referred to as providing a right that previously had not existed, so, too, have provisions of R.C. Chapter 4112 been deemed to create rights.

{¶ 19} "* * * While the remedial aspects of a cause of action for age discrimination are apparent, the remedial aspects of a will contest action are also evident, for it provides the sole remedy for an injustice created when a decedent is wrongly influenced to divert family treasures from their rightful beneficiary."

{¶ 20} Consequently, we fully accept the court of appeals' conclusion that this case at bottom is indistinguishable on its key points from this court's holding in *Osborne*. As the court of appeals declared, "In the end, the parallels between this case and *Osborne* are compelling. Both the action in *Osborne* and the one plaintiff brought here legitimately may be characterized as creatures of statutes that create rights unknown in the common law. Both causes of action have been characterized as remedies or remedial. While the statute of limitations in the will contest is short, the statute of limitations in *Lewis* was even shorter, but that did not dissuade the court from applying the savings statute."

{¶ 21} The court of appeals recognized that when a will contest is dismissed, the administration of the will continues. This factor distinguishes a will contest from an age-discrimination action, which is terminated if the complaint is dismissed. However, this distinction is not significant enough to remove this case from the ambit of *Osborne*'s analysis. As the court of appeals determined, "The issue before us [reduces] to whether application of the savings statute so adversely affects the administration of the estate that the legislature could not have intended to apply the savings statute to will contest actions. In the final analysis, the adverse effects are no greater than those inherent in the administration of an estate in the absence of the savings statute, and thus we conclude the savings statute applies to plaintiff's dismissal of her will contest action."

**{¶ 22}** The court of appeals made several further observations to support its conclusion that we find apposite:

**{¶ 23}** "Without question, the statute of limitations for will contests[,] changed from four months to three months, is short. In the case of an expedited estate, however, the administration of the estate may be completed before the statute of limitations for a will contest has expired. A successful will contest, in such an instance, may require that, at least in part, the administration of the estate be undone, much as might occur if a refiled will contest complaint proved to be successful. Moreover, application of the savings statute to will contest actions does not slow the administration of the estate significantly more than does the right to appeal various rulings of the probate court during the administration of the estate. Indeed, because nothing requires that an estate be held open to determine if a dismissed will contest eventually will be refiled, the failure to refile before the administration of the estate is completed arguably may preclude further action and instead become part of the risk a will contestant takes in dismissing a will contest.

**{¶ 24}** "* * *

**{¶ 25}** "Because the effect of the savings statute on the estate is not substantially greater than that posed by other applicable statutes and rules, the reasoning of the Supreme Court is appropriate. In both *Reese* and *Lewis*, the court noted that nothing in R.C. 2743.16 or 4123.519, respectively, prohibits refiling an action that was originally timely commenced. Moreover, as with the statute at issue in *Lewis*, the will contest statutes do not provide 'any guidance for the situation in which a timely filed complaint has been dismissed without prejudice after the time for commencement set forth in that statute has expired. * * * R.C. 2305.19 "fills this void." ' *Lewis,* [21 Ohio St.3d] at 4 [21 OBR 266], 487 N.E.2d 285, quoting *Reese,* [6 Ohio St.3d] at 163 [6 OBR 221], 451 N.E.2d 1196.

{¶ 26} "The savings statute 'is neither a statute of limitations nor a tolling statute extending the statute of limitations. Instead, it is clear that R.C. 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run.' *Lewis*, [21 Ohio St.3d] at 4, [21 OBR 266], 487 N.E.2d 285. Because the facts before us fall within those parameters, we diverge from the other appellate districts on this issue, apply *Osborne* and, in the absence of any provision to the contrary in the will contest statutes, conclude the savings statute applies to plaintiff's will contest action."

{¶ 27} We fully agree with the cogent analysis of the court of appeals that led it to disagree with the other districts on this issue, and we further emphasize several points. First, R.C. 2305.19 is a broad statute of general application and on its face applies to save the claim in this case. There is nothing within that statute that could even remotely be read to proscribe its application to will-contest actions.

{¶ 28} Second, there is no indication within R.C. 2107.76 that the saving statute does not apply to will-contest actions. Once a will-contest claim is validly filed within the applicable (now three-month) period, that statute has been satisfied on its face, and later developments are beyond the statute's scope. Given the generality of R.C. 2305.19 and the inapplicability of R.C. 2107.76 once a will contest is properly commenced, we determine that normal principles of statutory construction require that R.C. 2305.19 should apply to will-contest actions. The features of this case do not compel us to deviate from those principles.

{¶ 29} Finally, adopting the approach advocated by defendants would require that we overrule *Osborne* and would also require that we either overrule or severely limit *Reese* and *Lewis*. Given all the reasons set forth above, we decline to repudiate those cases and instead reaffirm them. Plaintiff Allen's voluntary dismissal without prejudice under Civ.R. 41(A)(1)(a) should not place

8

her in the "twilight zone" that bars any recovery, and R.C. 2305.19 operates to save her ability to pursue her claim. *Osborne*, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, ¶ 5.

**{¶ 30}** Based on all of the foregoing, we hold that R.C. 2305.19 applies to will-contest actions. The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

———————————

**O'DONNELL, J., dissenting.**

**{¶ 31}** The majority's narrow focus on the application of the saving statute to a will-contest action misses the broad impact that today's decision has on the administration of estates in Ohio.

**{¶ 32}** Without question, well-settled Ohio law is upended, and questions regarding application, retroactivity, and the effect of this decision on pending estates and current litigation are created with this opinion. Moreover, today's decision disturbs the doctrine of stare decisis et no quieta movere, i.e., to stand by things decided and not disturb settled points of law. Further, we recently adopted a test in *Westfield Ins. Co. v. Galatis,* 100 Ohio St. 3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus, regarding when established legal precedent or settled application of law should be disturbed — of course, referring to our own precedent:

**{¶ 33}** "A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it."

**{¶ 34}** Although this standard generally applies to the situation where this court decides to overrule its own precedent, the legal principles embodied therein apply equally to the situation confronted by today's decision. By changing the well-settled law in Ohio today, the majority violates every part of this test. Patently, none of the parts of the *Galatis* test are drawn into question as a basis for the court to rule in the fashion the majority sees fit to embrace today. Rather, by announcing its decision, the majority will vault Ohio probate into a frenzy where the potential for delayed estate administration will flourish.

**{¶ 35}** At the time of the events in this case, R.C. 2305.19 provided:

**{¶ 36}** "In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action * * * has expired, the plaintiff * * * may commence a new action within one year after such date."[3]

**{¶ 37}** Of equal significance here is R.C. 2107.76, which at the relevant time in this case provided that "[n]o person * * * may commence an action * * * to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code."[4]

**{¶ 38}** There is longstanding authority in Ohio, going back five decades, holding that existing precedent and public policy considerations support the proposition that the saving statute does not apply to will-contest actions. See *Alakiotis v. Lancione* (1966), 12 Ohio Misc. 257, 41 O.O.2d 381, 232 N.E.2d 663 (the saving clause of R.C. 2305.19 does not apply to a cause of action created by statute that is unknown at common law and that contains its own statute of limitations); *Barnes v. Anderson* (1984), 17 Ohio App.3d 142, 17 OBR 242, 478

---

3. The General Assembly has since amended R.C. 2305.19, effective June 2, 2004; however, the amendments do not affect my analysis in this case.

4. The General Assembly amended R.C. 2107.76, effective October 31, 2001, to change the time within which to contest the validity of a will from four months to three months.

N.E.2d 248 (the saving clause is not available to a will-contest action); *Peltz v. Peltz* (June 27,1997)  Geauga App. No. 96-G-2026, 1997 WL 402373 (precluded use of saving statute to refile will-contest action); and *Cross v. Conley* (July 12, 2000), Highland App. No. 99CA005, 2000 WL 1010771 (purpose of short statute of limitations in will-contest cases is to promote speedy estate administration, and application of the saving statute would unnecessarily delay the administration of estates, precisely what the short statute of limitations meant to prevent).

{¶ 39} The real issue confronted by the courts considering these matters is best exemplified by the general rule catalogued in 34 Ohio Jurisprudence 2d (1958) 505, Limitations of Actions, Section 19, as cited by Justice Holmes in his dissent in *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St.3d 162, 165, 6 OBR 221, 451 N.E.2d 1196 (Holmes, J., dissenting):

{¶ 40} " 'Where by statute a right of action is given which did not exist at common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right and *will control*.' " (Emphasis added).

{¶ 41} Justice Holmes concluded in his dissent in *Reese* that when the legislature placed a two-year limitation on the commencement of an action in the statute creating the right and not in the general statute of limitations, it strongly denoted that such a limit on filing became part of the statutory right granted.  Id. That rights limitation came into question and fell with the rights/remedy clash in *Reese.*

{¶ 42} In the instant case, however, the court of appeals further recognized a key distinction between claims against the state, workers' compensation appeals, and age-discrimination cases seen in *Reese*, *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, and *Osborne v. AK Steel/Armco Steel Co.,* 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, on the one hand, and a will contest on the other: dismissal of the former causes of

action leaves nothing pending, while dismissal of a will-contest action does not stay the continuing administration of an estate. The appellate court opined, "A successful will contest * * * may require that, at least in part, the administration of the estate be undone * * *."

{¶ 43} In its opinion, the Tenth District further highlighted a concern with respect to extending the trend of our most recent line of cases to will-contest actions because it noted that will contests are favored with an increasingly shorter statute of limitations, presumably to speed the administration of estates.[5] However, applying the saving statute to a will-contest action would neither stay nor prevent the probate court from distributing the assets of an estate; therefore, it is entirely conceivable that an estate could be closed and a final account filed during the one-year period of the running of the saving statute. Such a circumstance could result in litigation to recover estate assets that had been distributed by administrators, executors, or probate courts or could lead to long delays in the ability to transfer real estate or bank accounts due to potential liability or future claims, all as forecasted by the appellate court and all contrary to the legislative intent expressed in R.C. 2107.76.

{¶ 44} Nor can any meaningful insight be gleaned from the fact that the legislature has never included a provision in either R.C. 2107.76 or R.C. 2305.19 to render the saving statute inapplicable to will-contest actions. This is because every judicial decision in Ohio on the subject has held that the saving statute does not apply to a will-contest action. Therefore, relying on judicial authority, until today, the legislature had no reason to consider or address this issue. My view is that the legislature will now act to blunt the impact of the majority opinion, but only after it becomes aware of the problems created by this decision, which unsettles the law in this area.

---

5. Originally four months at the time of this case filing and now amended to three months. See 145 Ohio Laws, Part III, 5092, 5095, and 2001 H.B. No. 85.

{¶ 45} I see no benefit in retreating from earlier judicial determinations made in will-contest cases merely because our court has done so in suits against the state, in workers' compensation appeals, and in age-discrimination cases. While each of those respective statutes created causes of action not known at common law, and while each contained a limited filing period, none are similar to the administration of an estate – which would proceed during the running of the one-year period of the saving statute. Thus, will contests are different from other claims for relief.

{¶ 46} For these reasons, I respectfully dissent from the majority's determination that the saving statute, R.C. 2305.19, applies to a will-contest action and would reverse the decision of the appellate court.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

Luper Neidenthal & Logan and Jack D'Aurora, for appellee.

William T. Bonham, for appellants.

_____