REESE, ADMR., APPELLEE, *v.* THE OHIO STATE UNIVERSITY HOSPITALS, APPELLANT.

[Cite as Reese *v.* Ohio State Univ. Hosp. (1983), 6 Ohio St. 3d 162.]

(No. 82-1618—Decided August 10, 1983.)

Messrs. *Glander, Brant, Ledman & Newman* and *Mr. Charles E. Brant,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Stephen P. Samuels* and *Mr. Michael H. Igoe,* for appellant.

WILLIAM B. BROWN, J. The issue presented to this court is whether R.C. 2305.19, the so-called savings statute, is applicable to actions maintained in the Court of Claims. This court now answers that question in the affirmative.

R.C. 2743.16 provides:

"Civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the

date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties. The period of limitations shall be tolled pursuant to section 2305.16 of the Revised Code, except there shall be no tolling during imprisonment unless the imprisoned person is of unsound mind."

There is nothing in this section prohibiting the refiling of an action which was originally commenced within the time prescribed. R.C. 2743.16 is a true statute of limitations restricting the time within which a remedy may be pursued. R.C. 2743.16 does not expressly purport to provide for the situation where a timely filed action has been dismissed without prejudice after the expiration of the time set forth in that section.

On the other hand, R.C. 2305.19 fills this void. This section provides, in pertinent part, as follows:

"In an action commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

This statute, the savings statute, is not a statute of limitations. Neither is R.C. 2305.19 a tolling statute extending the period of a statute of limitations. R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal. Thus, the court of appeals was correct in its conclusion that no conflict exists between R.C. 2743.16 and 2305.19. The two cannot be applied at the same time since each is dependent upon different circumstances.

Appellant argues that the Court of Claims Act did not create a new cause of action but did create a new right of action against the state. Prior to the Act, citizens may have had circumstances which would have given rise to a cause of action but had no right of action because of the doctrine of sovereign immunity. Appellant asserts that immunity did not merely bar the remedy, it barred the action altogether. Additionally, appellant argues that R.C. 2743.16 is a specific limitation on the right of action and not merely a defense to a cause of action, and that this specific time limitation is not subject to extension for any reason and not subject to any general savings statute such as R.C. 2305.19. The effect of appellant's arguments would be that a dismissal of an action without prejudice after expiration of the limitation period of R.C. 2743.16 has the same effect as a determination upon the merits and bars the bringing of any further action with respect to the same claim. This was not the result intended by the General Assembly when it enacted these statutory provisions.

The Court of Claims Act, R.C. 2743.01 *et seq.*, allows the state to be sued; it is not the source of substantive rights. Therefore, the Act does not create new rights or causes of action but, rather, creates only a remedy. See *Schenkolewski* v. *Metroparks System* (1981), 67 Ohio St. 2d 31 [21 O.O.3d 19], paragraph one of the syllabus. As this court indicated in *McCord* v. *Division*

*of Parks and Recreation* (1978), 54 Ohio St. 2d 72, 74 [8 O.O.3d 77], "R.C. 2743.02 (A) does not create a new right of action against the state, but places the state upon the same level as any private party." The language of R.C. 2743.02 (A)(1) itself negates the creation of a new right. Instead, it states, in pertinent part:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

Thus, the Court of Claims Act merely places the state upon the same footing as private parties, subject to the limitations within the Act. R.C. 2743.16, as a statute of limitations, is a time limitation upon a remedy, not a limitation upon a substantive right created by statute. Under R.C. 2743.02 (A) the Court of Claims is duty bound to apply the same rules of law and procedure in cases where the state is a defendant as other courts apply those rules where private parties are the defendants. R.C. 2305.19 is one of those rules applicable to suits between private parties. Consequently, unless some provision of R.C. Chapter 2743 provides otherwise, the savings statute is applicable to suits against the state in the Court of Claims. There is no such exclusion in R.C. Chapter 2743. As previously noted, R.C. 2743.16 is aimed at a situation different from that to which R.C. 2305.19 applies.

Where an action was commenced within the time prescribed by R.C. 2743.16 and dismissed without prejudice after the expiration of that time, R.C. 2305.19 is applicable to suits against the state in the Court of Claims. That is precisely what occurred in the present case. Therefore, the Court of Claims erred in failing to apply R.C. 2305.19 to this action. For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

LOCHER, J., dissenting. Although I share the sentiments expressed in Justice Holmes' carefully crafted and well-reasoned dissenting opinion, I wish to make several additional observations.

Contrary to the majority's contention, the Court of Claims Act does create a new right, not merely a novel remedy for a pre-existing right of action. Where, before the enactment of R.C. 2743.01 *et seq.,* a party aggrieved by the state could not recover for his injuries, upon its passage an avenue for redress was immediately opened to him. Clearly, no meaningful right of action can be said to exist where that right is not accompanied by a privilege to secure relief for the unlawful act. Such was, however, the unfortunate lot of a

party suffering damage as a result of state action before R.C. 2743.01 *et seq.* became operative.

The majority's assertion that a right of action against the state had been in existence prior to enactment of the Court of Claims Act must be rejected. Section 16, Article I of the Ohio Constitution was amended in 1912 to provide that: "Suits may be brought against the state, in such courts and in such manner, as may be provided by law." However, as the constitutional provision is not self-executing,[1] no mode or redress had been "provided by law," until the passage of R.C. 2743.01 *et seq.,* and, thus, no remedy against the state was then extant.

In another attempt to buttress its argument that the Court of Claims Act only creates a new remedy, the majority quotes part of R.C. 2743.02 (A)(1) which delineates the scope of the state's consent to have its liability determined by the same rules of law that govern actions between private parties. The cited provision lends no support to the position adopted by the court today. Moreover, the majority, not surprisingly, quotes only part of the subject statute, omitting the critically important qualifying phrase, "* * * except that the determination of liability is subject to the limitations set forth in this chapter * * *." R.C. 2743.16 explicitly circumscribes the applicability of the rules of law that ordinarily adhere in actions involving private parties by providing that the limitations period for Court of Claims actions may only be tolled pursuant to R.C. 2305.16. No provision is made for the operation of the savings clause embodied in R.C. 2305.19 relative to such actions. Thus, it cannot reasonably be said that the General Assembly in enacting R.C. 2743.01 *et seq.* either created a new right or intended R.C. 2305.19 to be applicable to causes arising under the Court of Claims Act.

On the basis of the foregoing, I respectfully dissent.

HOLMES, J., dissenting. As to whether the two-year statute of limitations contained in the Court of Claims Act is tolled by the savings provisions of R.C. 2305.19, this court must look to additional applicable rules. The pertinent general rule is set forth in 34 Ohio Jurisprudence 2d 505-506, Limitation of Actions, at Section 19, as follows:

"Where by statute a right of action is given which did not exist at common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right and will control. In such a case time is made of the essence of the right created, and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation and a lapse of the statutory

---

[1] This court long ago held that the provision added by the amendment to Section 16, Article I of the Ohio Constitution in 1912 was not self-executing. See *Raudabaugh* v. *State* (1917), 96 Ohio St. 513, overruled in part on other grounds in *Schenkolewski* v. *Metroparks System* (1981), 67 Ohio St. 2d 31 [21 O.O.3d 19].

period operates to extinguish the right altogether. If a cause of action arising out of a special statute containing limitations qualifying the right is not brought within the time limited in the statute, the court has no jurisdiction of the case."

See, also, Annotation, 79 A.L.R. 2d 1309.

Accordingly, this court, in *Sabol* v. *Pekoc* (1947), 148 Ohio St. 545 [36 O.O. 182], in determining a question involving the wrongful death statutes, held, in paragraph one of the syllabus:

"The provision of Section 10509-167, General Code, that 'except as otherwise provided by law, every such action [for wrongful death] must be commenced within two years after the death of such deceased person,' is a restriction qualifying the right of the action and is not merely a time limitation upon the remedy. (Paragraph one of the syllabus in *Pittsburg, C. & St. L. Ry. Co.* v. *Hine, Admx.*, 25 Ohio St., 629 approved and followed.)"

The right to sue the state of Ohio was created by R.C. Chapter 2743 in Am. Sub. H.B. No. 800. The period of limitations governing this right was embodied in R.C. 2743.16. R.C. 2305.19 is not now, nor was it ever, mentioned within this section as being applicable to actions brought in the Court of Claims. The only specific limitation on the running of the two-year statute of limitations of R.C. 2743.16 in the Court of Claims is the tolling of the statute for infirmities of the individual "except there shall be no tolling during imprisonment unless the imprisoned person is of unsound mind."

I would hold that the General Assembly incorporated only that portion of R.C. Chapter 2305 into the Court of Claims Act which it specifically desired to become a part of this new Act creating a new right of action against the state of Ohio. Thus, R.C. 2305.19 was not intended to be a part of the Court of Claims Act.

The absolute language of R.C. 2743.16 prohibits commencement of an action later than two years after the cause of action accrues. This mandatory language is not found in the general statutes of limitations, and strongly denotes that such mandate is part of the right granted. The commencement of an action within the time set forth in the law granting such new right is an indispensable condition of the exercise of such new right of action. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. See *Hibler* v. *Globe American Corp.* (1958), 128 Ind. App. 156, 147 N.E. 2d 19.

Accordingly, I dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.