O’Donnell, J.,
dissenting.
{¶ 31} The majority’s narrow focus on the application of the saving statute to a will-contest action misses the broad impact that today’s decision has on the administration of estates in Ohio.
{¶ 32} Without question, well-settled Ohio law is upended, and questions regarding application, retroactivity, and the effect of this decision on pending estates and current litigation are created with this opinion. Moreover, today’s decision disturbs the doctrine of stare decisis et no quieta movere, i.e., to stand by things decided and not disturb settled points of law. Further, we recently adopted a test in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus, regarding when established legal precedent or settled application of law should be disturbed — of course, referring to our own precedent:
{¶ 33} “A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.”
{¶ 34} Although this standard generally applies to the situation where this court decides to overrule its own precedent, the legal principles embodied therein apply equally to the situation confronted by today’s decision. By changing the well-settled law in Ohio today, the majority violates every part of this test. Patently, none of the parts of the Galatis test are drawn into question as a basis for the court to rule in the fashion the majority sees fit to embrace today. Rather, by announcing its decision, the majority will vault Ohio probate into a frenzy where the potential for delayed estate administration will flourish.
{¶ 35} At the time of the events in this case, R.C. 2305.19 provided:
*28 {¶ 36} “In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action * * * has expired, the plaintiff * * * may commence a new action within one year after such date.”[3]
{¶ 37} Of equal significance here is R.C. 2107.76, which at the relevant time in this case provided that “[n]o person * * * may commence an action * * * to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code.”[4]
{¶ 38} There is longstanding authority in Ohio, going back five decades, holding that existing precedent and public policy considerations support the proposition that the saving statute does not apply to will-contest actions. See Alakiotis v. Lancione (1966), 12 Ohio Misc. 257, 41 O.O.2d 381, 232 N.E.2d 663 (the saving clause of R.C. 2305.19 does not apply to a cause of action created by statute that is unknown at common law and that contains its own statute of limitations); Barnes v. Anderson (1984), 17 Ohio App.3d 142, 17 OBR 242, 478 N.E.2d 248 (the saving clause is not available to a will-contest action); Peltz v. Peltz (June 27, 1997) Geauga App. No. 96-G-2026, 1997 WL 402373 (precluded use of saving statute to refile will-contest action); and Cross v. Conley (July 12, 2000), Highland App. No. 99CA005, 2000 WL 1010771 (purpose of short statute of limitations in will-contest cases is to promote speedy estate administration, and application of the saving statute would unnecessarily delay the administration of estates, precisely what the short statute of limitations meant to prevent).
{¶ 39} The real issue confronted by the courts considering these matters is best exemplified by the general rule catalogued in 34 Ohio Jurisprudence 2d (1958) 505, Limitations of Actions, Section 19, as cited by Justice Holmes in his dissent in Reese v. Ohio State Univ. Hosp. (1983), 6 Ohio St.3d 162, 165, 6 OBR 221, 451 N.E.2d 1196 (Holmes, J., dissenting):
{¶ 40} “ Where by statute a right of action is given which did not exist at common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right and mil control.’ ” (Emphasis added).
{¶ 41} Justice Holmes concluded in his dissent in Reese that when the legislature placed a two-year limitation on the commencement of an action in the statute creating the right and not in the general statute of limitations, it strongly denoted that such a limit on filing became part of the statutory right granted. *29 Id. That rights limitation came into question and fell with the rights/remedy clash in Reese.
{¶ 42} In the instant case, however, the court of appeals further recognized a key distinction between claims against the state, workers’ compensation appeals, and age-discrimination cases seen in Reese, Lewis v. Connor (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, and Osborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, on the one hand, and a will contest on the other: dismissal of the former causes of action leaves nothing pending, while dismissal of a will-contest action does not stay the continuing administration of an estate. The appellate court opined, “A successful will contest * * * may require that, at least in part, the administration of the estate be undone * *
{¶ 43} In its opinion, the Tenth District further highlighted a concern with respect to extending the trend of our most recent line of cases to will-contest actions because it noted that will contests are favored with an increasingly shorter statute of limitations, presumably to speed the administration of estates.[5] However, applying the saving statute to a will-contest action would neither stay nor prevent the probate court from distributing the assets of an estate; therefore, it is entirely conceivable that an estate could be closed and a final account filed during the one-year period of the running of the saving statute. Such a circumstance could result in litigation to recover estate assets that had been distributed by administrators, executors, or probate courts or could lead to long delays in the ability to transfer real estate or bank accounts due to potential liability or future claims, all as forecasted by the appellate court and all contrary to the legislative intent expressed in R.C. 2107.76.
{¶ 44} Nor can any meaningful insight be gleaned from the fact that the legislature has never included a provision in either R.C. 2107.76 or R.C. 2305.19 to render the saving statute inapplicable to will-contest actions. This is because every judicial decision in Ohio on the subject has held that the saving statute does not apply to a will-contest action. Therefore, relying on judicial authority, until today, the legislature had no reason to consider or address this issue. My view is that the legislature will now act to blunt the impact of the majority opinion, but only after it becomes aware of the problems created by this decision, which unsettles the law in this area.
{¶ 45} I see no benefit in retreating from earlier judicial determinations made in will-contest cases merely because our court has done so in suits against the state, in workers’ compensation appeals, and in age-discrimination cases. While each of those respective statutes created causes of action not known at common *30 law, and while each contained a limited filing period, none are similar to the administration of an estate — which would proceed during the running of the one-year period of the saving statute. Thus, will contests are different from other claims for relief.
Luper Neidenthal & Logan and Jack D’Aurora, for appellee.
William T. Bonham, for appellants.
{¶ 46} For these reasons, I respectfully dissent from the majority’s determination that the saving statute, R.C. 2305.19, applies to a will-contest action and would reverse the decision of the appellate court.
Lundberg Stratton, J., concurs in the foregoing dissenting opinion.

. The General Assembly has since amended R.C. 2305.19, effective June 2, 2004; however, the amendments do not affect my analysis in this case.

. The General Assembly amended R.C. 2107.76, effective October 31, 2001, to change the time within which to contest the validity of a will from four months to three months.

. Originally four months at the time of this ease filing and now amended to three months. See 145 Ohio Laws. Part III. 5092. 5095. and 2001 H.B. No. 85. '