[Cite as *Underwood v. Mercy Health Partners N., L.L.C.*, 2022-Ohio-4313.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Rebel Underwood, Administratrix of the
Estate of David A. Underwood, deceased

  Appellant

v.

Mercy Health Physicians North, LLC,
et al.

  Appellees

Court of Appeals No. L-22-1063

Trial Court No. CI0202003766

**<u>DECISION AND JUDGMENT</u>**

Decided: December 2, 2022

* * * * *

Gary W. Osborne and Jack S. Leizerman, for appellant.

Taylor C. Knight and Erin Siebenhar Hess, for appellees.

* * * * *

**MAYLE, J.**

**{¶ 1}** Plaintiff-appellant, Rebel Underwood, Administratrix of the Estate of David

A. Underwood, deceased, appeals the February 25, 2022 judgment of the Lucas County

Court of Common Pleas, granting summary judgment in favor of defendants-appellees,

Ali Ahmad, M.D. and Mercy Health Partners-North ("Mercy").  For the following reasons, we affirm the trial court judgment.

## I.     Background

{¶ 2} Rebel Underwood is the surviving spouse and administratrix of the estate of David A. Underwood.  David died on June 26, 2016, allegedly as the result of negligent care provided by Dr. Ahmad and nurse practitioner Luke Davis.

{¶ 3} According to Underwood's complaint, David presented to the Tiffin Community Health Center ("TCHC") on June 7, 2016, complaining of intermittent, acute chest pain and shortness of breath on mild exertion.  He was evaluated by Davis, who referred him to Dr. Ahmad, a cardiologist.  Dr. Ahmad evaluated David on June 23, 2016.  He performed an EKG and scheduled a stress test for July 5, 2016.  David died on June 26, 2016, of a cardiac arrhythmia.  Underwood alleges that the EKG Dr. Ahmad performed was abnormal and consistent with ischemia.  He contends that those results and David's complaints indicated unstable angina and required immediate hospitalization and cardiac catheterization.

{¶ 4} On November 30, 2016, Underwood filed suit in the Lucas County Court of Common Pleas against Davis, Health Partners of Western Ohio, Dr. Ahmad, and Mercy, alleging medical negligence, wrongful death, and loss of consortium.  After filing that action, Underwood learned that TCHC is federally funded, thus Davis was a federal employee.  She dismissed without prejudice her complaint against Davis and his

2.

employer on April 12, 2017, in order to initiate an administrative complaint under the Federal Tort Claim Act ("FTCA"). That complaint was filed on March 9, 2018, and a finding of no negligence was rendered on June 6, 2018. Underwood dismissed her Lucas County complaint against all defendants on June 22, 2018.

{¶ 5} On August 8, 2018, Underwood filed a complaint in federal court under the FTCA. He also alleged state negligence and wrongful death claims against Dr. Ahmad and Mercy. On September 2, 2020, the federal district court granted summary judgment against Underwood on her FTCA claim. On December 15, 2020, it dismissed Underwood's state claims, declining to exercise supplemental jurisdiction over those claims.

{¶ 6} Three days later, on December 18, 2020, Underwood refiled her complaint against Dr. Ahmad and Mercy (collectively, Dr. Ahmad) in the Lucas County Court of Common Pleas. Dr. Ahmad moved for summary judgment, arguing that Underwood's complaint was time-barred.

{¶ 7} Dr. Ahmad asserted that Underwood's negligence claim was a medical claim subject to a one-year statute of limitations under R.C. 2305.113(B), and her wrongful death claim was subject to a two-year statute of limitations under R.C. 2125.02. When Underwood filed her complaint in federal court on August 8, 2018, both statutes of limitations had expired, so Underwood relied on R.C. 2305.19(A), Ohio's saving statute, to avoid application of the statute of limitations as a bar to her claims. That statute

3.

permits a timely-filed claim that has failed "otherwise than upon the merits" to be filed in a new action if that new action is filed within one year after such failure or within the period of the original applicable statute of limitations, whichever is later. Because Underwood's claims failed "otherwise than upon the merits" when she voluntarily dismissed her complaint on June 22, 2018, the statute of limitations did not bar her from filing her federal complaint less than two months later.

{¶ 8} Dr. Ahmad acknowledged that 28 U.S.C. 1367(d) tolls the limitations period for a state claim when the federal court declines to exercise supplemental jurisdiction over that claim. The tolling period under 28 U.S.C. 1367(d) is the period during which "the claim is pending" plus "a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Dr. Ahmad insisted that (1) R.C. 2305.19(A) is not a statute of limitations or a tolling statute extending the statute of limitations; and (2) 28 U.S.C. 1367(d) can be invoked only if the applicable statute of limitations had not expired when the claim was first filed in federal court. Because the statute of limitations on Underwood's medical claim and wrongful death claim had already expired when Underwood filed her August 8, 2018 complaint in federal court, Dr. Ahmad claimed that Underwood could not rely on 28 U.S.C. 1367(d) to extend the limitations period for filing her new action in the Lucas County Court of Common Pleas. Dr. Ahmad relied on *Vogel v. Northeast Ohio Media Group LLC*, 2020-Ohio-854, 152 N.E.3d 981 (9th Dist.), *appeal not allowed sub nom. Vogel v. Northeast Ohio Media Group, L.L.C.*, 159 Ohio St.3d

4.

1417, 2020-Ohio-3365, 147 N.E.3d 664, in support of his position, which he claims makes clear that where a complaint is filed in federal court under the saving statute after the statute of limitations has expired, 28 U.S.C. 1367(d)—a tolling statute—does not operate to toll the limitations period because there is no limitations period left to toll.

{¶ 9} Underwood responded that under 28 U.S.C. 1367(d), she had 30 days after her federal case was dismissed within which to refile in state court. She claimed that "[i]n accordance with R.C. 2305.19," her state claims were not expired and were "valid and effective at the moment they were refiled with the federal court on August 8, 2018." She insisted that it was of no matter whether it was a statute of limitations or a saving statute that rendered her federal action timely—28 U.S.C. 1367(d) granted more time to prevent her claim from being effectively dismissed with prejudice. She cited Ohio cases that she believed supported her position, including *Harris v. O'Brien*, 8th Dist. Cuyahoga No. 86218, 2006-Ohio-109 and *Williamson v. Scioto Twp. Trustees*, 2017-Ohio-1099, 87 N.E.3d 595 (4th Dist.). In those cases, the courts of appeals suggested that the plaintiffs' refiled state complaints would have been timely if they had been refiled within 30 days after dismissal of their federal court actions, even though their claims in federal court had been filed outside the statute of limitations and plaintiffs had already availed themselves of the Ohio saving statute.

{¶ 10} The trial court issued a judgment on February 25, 2022. It observed that Underwood's causes of action accrued in June of 2016, and indisputably, her initial

5.

November 30, 2016 complaint was timely filed. It recognized, however, that when she filed in federal court on August 8, 2018, the statute of limitations for both claims had expired. The court acknowledged that R.C. 2305.19(A) operated to give Underwood a limited time within which to refile her dismissed complaint and that Underwood properly availed herself of the Ohio saving statute in federal court. It emphasized, however, that the saving statute could be used only once. Thus, because Underwood had already utilized the saving statute, the trial court explained that 28 U.S.C. 1367(d) provided the only potential avenue for filing her new action in state court following the federal court's dismissal of her supplemental state claims.

{¶ 11} The court considered the cases relied on by the parties. It characterized *Vogel* and *Harris* and *Williamson* as evidencing a "split in authority" among the appellate jurisdictions concerning whether 28 U.S.C. 1367(d) permits a plaintiff to refile in state court after a federal court has dismissed its state claims where (1) the statute of limitations expired before the federal action was filed, and (2) the plaintiff had already utilized R.C. 2305.19(A). It looked to our decision in *Smith v. Erie Cty. Sheriff's Dept.*, 2016-Ohio-543, 59 N.E.3d 725 (6th Dist.) and predicted that this appellate district would hold that 28 U.S.C. 1367(d) applies only when the statute of limitations expires on the state law claims while the action is pending in federal court. Because the statutes of limitations on Underwood's claims expired before she filed suit in federal court, the trial

6.

court found that 28 U.S.C. 1367(d) did not apply. It, therefore, granted summary judgment in favor of Dr. Ahmad and dismissed Underwood's complaint.

{¶ 12} Underwood appealed. She assigns one error for our review:

> THE TRIAL COURT ERRED WHEN IT HELD THAT 28 USC 1367(d) DID NOT ALLOW 30 DAYS TO REFILE HER CASE IN STATE COURT[.]

## II. Summary Judgment Standard

{¶ 13} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

### III.    Law and Analysis

{¶ 15} In her sole assignment of error, Underwood challenges the trial court's conclusion that 28 U.S.C. 1367(d) did not apply to render her refiled state complaint timely. She argues that her claims were properly filed using R.C. 2305.19(A), therefore, they were not expired when she filed the federal-court action. And because her claims were not expired, she maintains that 28 U.S.C. 1367(d) permitted her to refile in state court within 30 days after dismissal of the federal action. Because she refiled her state

8.

court action three days after the federal claims were dismissed, Underwood insists that her claims were not time-barred.

{¶ 16} Central to Underwood's position is her claim that the one-year period conferred by R.C. 2305.19(A) is a "period of limitations" for purposes of 28 U.S.C. 1367(d) and was tolled while her federal case was pending. Underwood insists that if 28 U.S.C. 1367(d) were intended to apply only to *statutes* of limitation, the phrase "statute of limitations" would have been used in 28 U.S.C. 1367(d); instead, the broader phrase, "period of limitations" was used. She claims that to hold otherwise would ignore general principles of statutory interpretation and would be inconsistent with the purpose of 28 U.S.C. 1367(d), which is to allow the federal court to avoid supplemental jurisdiction after dismissing federal claims without harming the plaintiff's state law claims. Underwood asserts that "[i]t does not make any sense to treat a plaintiff, who is properly in federal court within the original statute of limitations differently than a plaintiff, who is properly in federal court employing the savings statute." And she points out that the primary case relied upon by Dr. Ahamad—*Vogel*—was not a unanimous decision.

{¶ 17} Dr. Ahmad responds that 28 U.S.C. 1367(d) is not applicable to this case because the statutes of limitations on Underwood's claims expired before she filed her federal complaint. He maintains that R.C. 2305.19(A) is not a statute of limitations or a tolling statute—it is simply a grace period that averts the risk of a time bar by affording a plaintiff a fixed period within which to refile her complaint after a failure otherwise than

9.

on the merits. He insists that 28 U.S.C. 1367(d) tolls "periods of limitations," and once the period of limitations has expired, there is no limitations period left to toll.

{¶ 18} Before specifically addressing Underwood's arguments and Dr. Ahmad's response, we will quickly recap the pertinent timeline here. We will also briefly discuss 28 U.S.C. 1367(d) and R.C. 2305.19(A), both of which are necessary to an understanding of the parties' positions. And we will summarize the Ohio cases, relied on by the parties, which the trial court said evidenced a split of authority.

## A. Timeline of Events

{¶ 19} The timeline of events giving rise to this appeal is as follows:

- June 17, 2016: David was seen by nurse practitioner Davis at TCHC and referred to Dr. Ahmad;

- June 23, 2016: Dr. Ahmad evaluated David, performed an EKG, and scheduled a stress test for July 5, 2016:

- June 26, 2016: David died;

- November 30, 2016: Underwood filed a complaint in the Lucas County Court of Common Pleas against Davis, Dr. Ahmad, and their employers;

- April 12, 2017: Underwood dismissed her claims against Davis;

- *Sometime between June 17 and 26, 2017: The one-year statute of limitations for bringing a medical claim expired*;

- March 9, 2018: Underwood filed an administrative claim under the FTCA concerning Davis's care;

- June 6, 2018: Davis was found to be non-negligent;

- June 22, 2018: Underwood dismissed her Lucas County complaint without prejudice *and the one-year period under R.C. 2305.19(A) began to run*;

- *June 26, 2018: The two-year statute of limitations for Underwood's wrongful-death claim expired*;

- August 8, 2018: Utilizing R.C. 2305.19(A), Underwood filed in federal court;

- September 2, 2020: The federal court granted summary judgment in favor of Davis;

- December 15, 2020: The federal court declined to exercise supplemental jurisdiction over Underwood's state claims and dismissed her complaint against Dr. Ahmad without prejudice;

- December 18, 2020: Underwood refiled her claims against Dr. Ahmad in Lucas County Common Pleas Court.

### B.     28 U.S.C. 1367(d) and R.C. 2305.19(A)

{¶ 20} As summarized above, Underwood filed her complaint on August 8, 2018, in federal court.  The statutes of limitations on her claims had expired; however, because she had timely filed her first complaint and dismissed it without prejudice on June 22,

2018, she was permitted to refile her claims within one year of their dismissal under R.C. 2305.19(A).

{¶ 21} R.C. 2305.19(A) is known as Ohio's saving statute. It provides that "[i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later * * *." R.C. 2305.19(A).

{¶ 22} R.C. 2305.19(A) is remedial and is intended to provide a litigant an adjudication on the merits. *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 11, reconsideration granted in part, 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580, citing *Wasyk v. Trent*, 174 Ohio St. 525, 528, 191 N.E.2d 58 (1963). But while it acts as a general bar of the statute of limitations, it is not a statute of limitations, nor does it operate to toll the statute of limitations. (Internal citations omitted.) *Wilson* at ¶ 11, 18. R.C. 2305.19(A) is simply a mechanism that "provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations." *Id.* at ¶ 18, citing *Internatl. Periodical Distribs. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. A party can use the savings statute only once to refile a case. *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997).

12.

{¶ 23} Under 28 U.S.C. 1367(a), in any civil action of which a federal district court has original jurisdiction, that court shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy * * *." But where the federal court dismisses the claim over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. 1367(c)(3). In that situation, 28 U.S.C. 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The purpose of this statute is "'to prevent the loss of claims to statutes of limitations where state law might fail to toll the running of the period of limitations while a supplemental claim was pending in federal court.'" *Artis v. D.C.,* 135 A.3d 334, 338 (D.C.2016), *rev'd and remanded,* 199 L.Ed.2d 473, 138 S.Ct. 594, quoting H.R.Rep. No. 101-734, 2d Sess., p. 30 (1990).

{¶ 24} Historically, courts adopted varying approaches for applying 28 U.S.C. 1367(d) following dismissal by the federal district court. Three approaches predominated: (1) the "extension" approach, (2) the "substitution" approach, and (3) the

13.

"stop the clock" or "suspension" approach. *Smith,* No. E-15-028, 2016-Ohio-543, 59 N.E.3d 725, at ¶ 16.

{¶ 25} Under the extension approach, the time the case was pending in federal court plus the 30 days after dismissal was treated as a single span of time. If the state limitations period expired during that span, the new filing deadline was 30 days after dismissal. If the state limitations period did not expire during that span of time, "the state limitations period [was] unaffected and terminate[d] without regard to any federal court filings." *Id.,* quoting *In re Vertrue Inc. Marketing and Sales Practices Litigation,* 719 F.3d 474, 481 (6th Cir.2013). Under the substitution approach, the state statute of limitations period was completely replaced "by a fixed period: the thirty-day period after federal dismissal." *Id.*, quoting *Vertrue* at *id.* And under the stop-the-clock or suspension approach, the running of the statute of limitations was suspended and the time was not counted while the federal court considered the claim and for 30 days after dismissal. In *Smith,* this court adopted the extension approach. However, in 2018, the U.S. Supreme Court in *Artis v. D.C.,* 138 S.Ct. 594, 199 L.Ed.2d 473 (2018), adopted the stop-the-clock or suspension approach.

{¶ 26} In *Artis*, the plaintiff filed her claims in federal court while there were still nearly two years remaining on the applicable three-year statute of limitations on her claims. Her claims were pending in federal court for two-and-a-half years before ultimately being dismissed. She refiled in state court 59 days later. Under the extension

14.

or substitution approaches, the plaintiff's refiled claims would have been untimely because the statutes of limitations expired while the case was pending in federal court and she failed to refile within 30 days of dismissal by the federal court. But the U.S. Supreme Court adopted the stop-the-clock approach. It found that 28 U.S.C. 1367(d) tolled the limitations period while the case was pending in federal court plus 30 additional days, thereby rendering the plaintiff's refiled state complaint timely even though it was filed more than 30 days after dismissal of the federal action. The court rejected the notion that 28 U.S.C. 1367(d) provided a 30-day grace period for refiling in state court after dismissal.

### C. The Ohio Cases Cited by the Parties

{¶ 27} As she did in the trial court, Underwood relies on *Harris*, 8th Dist. Cuyahoga Nos. 86218 and 86323, 2006-Ohio-109, and *Williamson*, 2017-Ohio-1099, 87 N.E.3d 595 (4th Dist.), in support of her position that 28 U.S.C. 1367(d) permitted her to refile her complaint within 30 days of the federal-court dismissal.

{¶ 28} In *Harris,* the plaintiff filed a claim in state court, arising from an incident that occurred almost one year earlier and for which there was a one-year statute of limitations. He voluntarily dismissed that complaint under Civ.R. 41(A) approximately 21 months after filing it. He refiled in state court about five months later, but added a federal cause of action. The case was removed to federal court.

15.

{¶ 29} The federal court declined to exercise supplemental jurisdiction over plaintiff's state law claims and dismissed those claims without prejudice almost two years later. Six months after that, plaintiff moved to reinstate his state law claims in the court of common pleas. The trial court originally granted the motion, but vacated it after realizing that it lacked jurisdiction to do so. Plaintiff filed another complaint three months later—almost five years after the incident that gave rise to his claim. The defendants moved for judgment on the pleadings or, in the alternative, summary judgment, arguing that plaintiff's claims were barred by the one-year statute of limitations. The trial court granted the motion and plaintiff appealed.

{¶ 30} On appeal, plaintiff argued that his claims were not time-barred. He claimed that after the federal action was dismissed, R.C. 2305.19(A) provided an additional year within which to refile his state law claims in the court of common pleas. The court observed, however, that plaintiff had already utilized the saving statute once "to extend the statute of limitations"—in filing his second complaint—and could not use it a second time. *Id.* at ¶ 15. So while his first complaint was timely because it was filed within the one-year statute of limitations, and his second complaint was timely because it was filed within the one year provided under Ohio's saving statute, the third complaint was filed approximately four years after the statute of limitations expired and was, therefore, untimely.

{¶ 31} The court briefly considered whether 28 U.S.C. 1367(d) operated to save plaintiff's claim. It interpreted that statute as tolling the "statute of limitations" for 30 days from the date the federal court dismissed his state law claims without prejudice, "unless Ohio law tolled the statute of limitations longer." *Id.* at ¶ 11, citing 28 U.S.C. 1367(d). Again, because plaintiff had already utilized R.C. 2305.19(A), the court found that plaintiff could not rely on the Ohio saving statute a second time. And because plaintiff failed to file his third action until almost six months after the federal court dismissal, the court found that plaintiff's third complaint "was also barred pursuant to federal law." *Id.* at ¶ 16.

{¶ 32} In *Williamson*, the plaintiff filed various state claims in the common pleas court. Ten months later, the trial court dismissed plaintiff's complaint for failure to abide by its scheduling orders. Not quite a year later, plaintiff refiled the same claims against the same parties, then 10 months later filed an amended complaint adding new claims that provided a basis for defendant to remove the case to federal court. About 14 months later, the federal court granted summary judgment to the defendant on the claims over which it had original jurisdiction and dismissed the remaining state law claims without prejudice. Significantly, the federal court did not "remand" the case to state court.

{¶ 33} Nine months after the federal court dismissed his claims, plaintiff filed a "Motion To Reinstate Case On Active Docket," which the trial court granted. The defendant moved for summary judgment and moved to dismiss the case for lack of

17.

subject matter jurisdiction. The trial court denied the motion to dismiss, but granted summary judgment to defendant on all but one claim. Following a bench trial, the trial court granted judgment in favor of the defendant. The parties filed cross-appeals.

{¶ 34} The defendant asserted in its cross-appeal that the trial court lacked subject matter jurisdiction over the plaintiff's claims because it never properly reacquired jurisdiction after the federal court's dismissal. The appellate court agreed. It observed that the state court lost all jurisdiction when the action was removed to federal court, and absent a remand order from the federal court, any proceedings in the state court were void.

{¶ 35} The court noted that plaintiff initially filed his complaint in state court, dismissed it, then filed again within one year under the Ohio savings statute. As such, plaintiff could not use the Ohio saving statute again after the federal court dismissed his state claims. Relying on *Harris,* the court stated that at that point, plaintiff "could only avail himself of the additional thirty-day federal tolling period provided by Section 1367, Title 28, U.S. Code." *Id.* at ¶ 18. And because he waited nine months to refile his claim in state court—"well outside the thirty-day tolling period"—the court found that the statutes of limitations had expired and his claims were time-barred. *Id.* at ¶ 25.

{¶ 36} Dr. Ahmad argues that *Harris* and *Williamson* are procedurally inapposite, and *Vogel*, 2020-Ohio-854, 152 N.E.3d 981, should instead be relied upon by this court. In *Vogel*, the plaintiff filed state claims in the Cuyahoga Court of Common Pleas in

18.

December 2014, for alleged torts that occurred the year before. He dismissed the complaint in 2016, then in February 2017, filed suit against the same parties in federal court, adding federal claims in addition to his original claims. The district court granted judgment in favor of defendants on plaintiff's federal claims and dismissed his state law claims, declining to exercise jurisdiction over them. Thirty days later, plaintiff filed another action in the Medina County Court of Common Pleas against the same defendants, alleging the same state claims plus some additional ones.

{¶ 37} The defendants moved to dismiss plaintiff's claims against them, arguing that they were time-barred under the applicable statutes of limitations. The trial court converted their motion into a motion for summary judgment and granted their motion. Plaintiff appealed.

{¶ 38} On appeal, plaintiff argued that the trial court erred in finding his claims time-barred. He maintained that 28 U.S.C. 1367(d) permitted him to refile his state law claims in state court after the federal court dismissed those claims. He pointed to *Artis*, 138 S.Ct. 594, 199 L.Ed.2d 473, where the U.S. Supreme Court held that 28 U.S.C. 1367(d) "operates as a 'stop the clock' provision that completely holds a limitations period in abeyance during the pendency of a federal case." *Vogel* at ¶ 6, citing *Artis* at 598. The trial court noted that *Artis* was problematic for plaintiff because the limitations periods had already expired by the time he filed his federal action. Plaintiff conceded as

19.

much, but he insisted that his claims were not expired because Ohio's saving statute permitted him to refile within a year of the dismissal of his first state-court action.

{¶ 39} The court cited *Reese v. Ohio State Univ. Hosps.*, 6 Ohio St.3d 162, 163, 451 N.E.2d 1196 (1983), where the Ohio Supreme Court clarified that Ohio's savings statute "'is not a statute of limitations'" or "'a tolling statute extending the period of a statute of limitations.'" *Vogel* at ¶ 9, quoting *Reese* at 163. And "[b]y its plain language, 28 U.S.C. 1367(d) only tolls a 'period of limitations[.]'" *Id.* at ¶ 10. The court explained that because the one-year statute of limitations on plaintiff's claims had already expired when he filed his federal action, "there was nothing left for Section 1367(d) to toll during that action." *Id.*

{¶ 40} The court also recognized that the Ohio savings statute can be used only once, and plaintiff had already used the statute to file his claims in federal court. *Id.* at ¶ 11, citing *Thomas*, 79 Ohio St.3d at 227, 680 N.E.2d 997. Thus, the court explained, even if it determined that 28 U.S.C. 1367(d) tolled the grace period for refiling an action under the Ohio savings statute, plaintiff "had already exhausted his use of the savings statute before he filed the instant action in state court." *Vogel* at ¶ 11.

{¶ 41} Plaintiff also argued that 28 U.S.C. 1367(d) permitted him to refile his state law claims in state court within 30 days after the federal court dismissed them. The court found, however, that the "30 days" language in 28 U.S.C. 1367(d), referred to "the length of time that is tolled when tolling applies under that section"—i.e., the entire time the

20.

case is pending in federal court plus 30 days after its dismissal. *Id.* at ¶ 12. It explained that "[t]he '30 days' language does not grant a plaintiff any additional rights, it is only part of the description of the length of the tolling period if tolling applies." *Id.*

**{¶ 42}** The court acknowledged the courts' holdings in *Harris*, 8th Dist. Cuyahoga Nos. 86218, 2006-Ohio-109, and *Williamson*, 2017-Ohio-1099, 87 N.E.3d 595 (4th Dist.), but it emphasized that the courts in those cases did not have to reach the issue of whether 28 U.S.C. Section 1367(d) tolled the plaintiffs' claims because those plaintiffs waited well beyond 30 days to attempt to reinstate their claims. It determined that "[a]ny suggestion in *Harris* or *Williamson* that Section 1367(d) might have applied is not persuasive in light of the fact that those courts did not undertake anything more than a cursory examination of the language of Section 1367(d)." *Vogel* at ¶ 14.

**{¶ 43}** In sum, the court in *Vogel* found that "[plaintiff's] federal action must be deemed to have been filed on the date that it actually was filed, which was after the expiration of the statute of limitations period of his claims." *Id.* It concluded that "there was no 'period of limitations' time for Section 1367(d) to toll during the pendency of that action." *Id.*

**{¶ 44}** Finally, like Underwood, the plaintiff in *Vogel*, argued that the interpretation of the Ohio savings statute and 28 U.S.C. 1367(d) "unfairly penalizes plaintiffs who refile their claims in federal court" because "the purpose of Section 1367(d) is to provide plaintiffs an opportunity to have their state law claims heard if the

21.

federal court declines to exercise supplemental jurisdiction over those claims." *Id.* at ¶ 17. He argued that contrary to the meaning and spirit of 28 U.S.C. 1367(d) and *Artis,* the court's interpretation "leaves plaintiffs with no remedy for their state law claims if they chose to refile under the savings statute in federal court instead of state court," and "from a practical standpoint, it is highly unlikely that a plaintiff could file a claim in state court, dismiss it, and refile in federal court all within the initial one-year limitations period." *Id.* He argued that "a plaintiff should not be forced to risk losing his state claims if he wants to file a federal action under the savings statute." *Id.*

{¶ 45} The court acknowledged the remedial purpose of the Ohio savings statute, but it explained that "[i]t is not the province of [the] Court * * * to make policy decisions or place words in statutes that were not placed there by the General Assembly or Congress." *Id.* at ¶ 18, citing *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 38. It concluded that the language in R.C. 2305.19 and 28 U.S.C. 1367(d) cannot "be construed to allow a plaintiff who files an otherwise untimely action in federal court pursuant to Ohio's savings statute to file a new action in state court after the federal court dismisses the plaintiff's state-law claims." *Id.*

### D.    Applying 28 U.S.C. 1367(d) Where R.C. 2305.19(A) Was Utilized

{¶ 46} After reviewing the parties' arguments, the relevant statutes, and relevant Ohio cases, we agree with Dr. Ahmad that 28 U.S.C. 1367(d) applies to provide additional time for refiling in state court only when the statute of limitations expires on

22.

the state law claims while the action is pending in federal court. Where a plaintiff has already filed her claims once and utilizes Ohio's saving statute, R.C. 2305.19(A), to refile in federal court after the original statute of limitations has expired, there is no "period of limitations" to "toll" under 28 U.S.C. 1367(d), and no 30-day grace period for refiling in state court. We reach this conclusion for several reasons.

{¶ 47} First, we disagree with Underwood that R.C. 2305.19(A) is a "period of limitations" for purposes of 28 U.S.C. 1367(d). Underwood recognizes that the one-year period under R.C. 2305.19(A) is not a "statute of limitations," but she claims that it is a "period of limitations" nonetheless and characterizes it as "double talk" to deem it something else. He cites *Wilson* 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 28, where the Ohio Supreme Court explained that "[s]avings statutes operate to give a plaintiff a *limited period of time* in which to refile a dismissed claim that would otherwise be time-barred." (Emphasis added.) And, citing *Elliott v. Durrani*, 2021-Ohio-3055, 178 N.E.3d 977, ¶ 17 (1st Dist.), *appeal allowed in part,* 166 Ohio St.3d 1401, 2022-Ohio-445, 181 N.E.3d 1184, citing *Wilson* at ¶ 35, she contends that Ohio courts have recognized that a "period of limitation" is broader than a "statute of limitations."

{¶ 48} Underwood is correct that a period of limitation is broader than a statute of limitations. The Ohio Supreme Court said as much in *Wilson.* It acknowledged that "period of limitations" also encompasses a "statute of repose." *See Wilson* at ¶ 35

23.

("[S]tatute's use of the phrase "within the remaining period of limitation" reasonably encompasses not only the statute of limitations but also the statute of repose."). But the Ohio Supreme Court has not deemed R.C. 2305.19(A) a "period of limitation," and we are aware of no circumstance where any court has permitted the "tolling" of R.C. 2305.19(A)—especially in circumstances such as this, where any such "tolling" would allow the savings statute to be used more than once, in contravention of the Ohio Supreme Court's pronouncement in *Thomas*, 79 Ohio St.3d at 227, 680 N.E.2d 997. Although we agree with Underwood that there are semantic issues presented when trying to succinctly describe the relief afforded to a plaintiff under R.C. 2305.19(A), we nonetheless conclude that it is not a "period of limitations" subject to tolling under 28 U.S.C. 1367(d).

{¶ 49} Second, we agree with Dr. Ahmad that *Harris* and *Williamson* are of limited value because their procedural postures were such that the courts did not need to closely examine the nuances of 28 U.S.C. 1367(d). Specifically, the complaints in *Williamson* and *Harris* were filed six months after the federal actions in those cases were dismissed. Because this far exceeded the 30 days referenced in 28 U.S.C. 1367(d), the courts did not need to analyze that statute in any detail or explain the "innerworkings" of that provision. The *Williamson* and *Harris* courts were able to easily dispose of any argument that 28 U.S.C. 1367(d) saved the plaintiffs' claims given that neither plaintiff refiled in state court within 30 days of the federal court dismissals.

24.

{¶ 50} Third, *Harris* and *Williamson* were decided before the U.S. Supreme Court, in *Artis,* 138 S.Ct. 594, 199 L.Ed.2d 473, adopted the stop-the-clock approach to 28 U.S.C. 1367(d). Before *Artis,* Ohio courts, including this court, adopted the "extension approach." *Smith* at ¶ 19. In *Artis,* however, the U.S. Supreme Court rejected the concept that 28 U.S.C. 1367(d) provides a 30-day grace period for refiling after a federal-court dismissal and provided instead for a tolling period equal to the number of days the case was pending in federal court plus 30 days. *Artis* at 598. This interpretation presupposes that the statute of limitations had not expired before the action was filed in federal court and that there remained a period of limitations to toll. Indeed, in dicta, the U.S. Supreme Court recognized that it would be an "absurdity" to interpret 28 U.S.C. 1367(d) in a manner that would "permit a plaintiff to refile in state court even if the limitations period on her claim had expired before she filed in federal court." *Artis* at 604. Here, the statute of limitations was expired, so under *Artis,* there was no 30-day grace period and nothing to toll.

{¶ 51} We note that Underwood sometimes seems to suggest that we should treat her complaint as though it were filed within the statute of limitations and toll the pendency period of her federal-court action as if the case had been filed within the statute of limitations. At other times, she suggests simply that 28 U.S.C. 1367(d) permitted her 30 days after dismissal within which to refile in state court. But as the Ohio Supreme Court explained in *Saunders v. Choi*, 12 Ohio St.3d 247, 250, 466 N.E.2d 889 (1984),

25.

R.C. 2305.19 provides an opportunity to revive a cause of action that would have been otherwise time-barred, but for the savings provision. It allows a plaintiff to refile *despite the fact* that the statute of limitations has expired. *Id.* This does not mean that for purposes of all tolling statutes, Ohio courts are authorized to treat a complaint filed under R.C. 2305.19(A) as if it had been filed before the statute of limitations expired. And as we have explained, *Artis* rejected Underwood's position that 28 U.S.C. 1367(d) provides a 30-day grace period for refiling in state court after a federal-court dismissal.

{¶ 52} Fourth, *Vogel* was decided before *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448. This is significant because as Underwood points out, *Vogel* was not decided unanimously. However, the basis for the dissenting judge's opinion was largely abrogated by *Wilson*. Central to the reasoning of the dissenting judge was his position that when plaintiff utilized the savings statute, the complaint "related back" to the original complaint for statute-of-limitations purposes. But nine months after *Vogel,* the Ohio Supreme Court in *Wilson* rejected the position that a refiled complaint "relates back" to the date of the originally-filed complaint. To the contrary, the court explained that "an action that has been dismissed without prejudice is deemed to have never existed." *Id.* at ¶ 28. It characterized the saving statute as permitting the refiling of an action "beyond the expiration of the statute of limitations." *Id.* In other words, the statute of limitations for the action is not deemed to have not "expired"—rather, the claim

26.

is deemed to be viable *despite* the expiration of the statute of limitations. The rationale of the dissent in *Vogel* is no longer supported by Ohio case law.

{¶ 53} Finally, for the reasons we have outlined in this analysis, we do not perceive that there is a split of authority among Ohio courts on this issue. *Harris* and *Williamson* were procedurally inapposite and predated *Artis,* and the *Vogel* dissent predated *Wilson.* *Artis* and *Wilson* further developed the law concerning 28 U.S.C. 1367(d) and R.C. 2305.19(A) and would have informed the courts' decisions in those cases.

{¶ 54} Accordingly, we find Underwood's assignment of error not well-taken.

### IV.    Conclusion

{¶ 55} We conclude that 28 U.S.C. 1367(d) tolls the period of limitations for state law claims over which the federal court has supplemental jurisdiction for the entire time the claims were pending in federal court plus 30 days after their dismissal. When a federal court dismisses state claims after declining to exercise supplemental jurisdiction, 28 U.S.C. 1367(d) applies only when the statute of limitations expires while the action is pending in federal court. Where a plaintiff has already filed her claims once and utilizes Ohio's saving statute, R.C. 2305.19(A), to refile in federal court after the original statute of limitations has expired, there is no period of limitations to toll and no 30-day grace period for refiling in state court, therefore, 28 U.S.C. 1367(d) is inapplicable.

27.

**{¶ 56}** Accordingly, we find Underwood's first assignment of error not well-taken and we affirm the February 25, 2022 judgment of the Lucas County Court of Common Pleas. Underwood is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                    _____
                                                                              JUDGE
Christine E. Mayle, J.
CONCUR.                                                        _____
                                                                              JUDGE

Gene A. Zmuda, J.
CONCURS AND WRITES                                _____
SEPARATELY.                                                       JUDGE


**ZMUDA, J.**

**{¶ 57}** I concur with the majority in affirming the judgment. I write separately to address the potential policy implications raised by Underwood's argument. As noted by the majority, 28 U.S.C. 1367(d), tolls only limitations periods. The federal statute does not reference or in any way recognize state savings statutes which, while not extending the limitations period, give parties an additional opportunity to refile actions after a non-

28.

suit, despite expiration of the statute of limitations. Most states have some mechanism to permit one refiling after a non-suit.[1]

{¶ 58} R.C. 2305.19, Ohio's savings statute, is neither a statute of limitations nor a "tolling statute extending the period of a statute of limitations." *Reese v. Ohio State Univ. Hosps.,* 6 Ohio St.3d 162, 163, 451 N.E.2d 1196 (1983). Rather, the savings statute is applied independent of the statute of limitations, based on different circumstances. *Id.* Therefore, application of the law may appear "undoubtedly harsh" to litigants in Underwood's position, with dismissal by the federal court barring further suit on any remaining state law claims. *See Vogel v. Northeast Ohio Media Group, LLC,*

---

[1] Examples of states without similar savings statute include Michigan, Vermont, and Wisconsin, which have limited savings statutes, applicable to certain wrongful death claims (Mich. Comp. Laws 600.5852), to claims based on repealed statutes (1 Vt. Stat. Ann. 214(b)), or based on pending actions after repeal (Wis. Stat. 990.04). Other states, such as Alabama, Florida, Hawaii, North Dakota, South Carolina, and South Dakota have no savings statute. *See Burt v. State,* 149 So.3d 1110, 1113, fn5 (Ala.2013) ("Alabama does not have a general saving statute or a constitutional savings clause."); *HCA Health Serv. of Florida, Inc. v. Hillman,* 906 So.2d 1094, 1098 (Fla. App.2004) ("unlike the majority of states, Florida has chosen not to adopt a 'savings statute'"); *Eto v. Muranaka,* 57 P.3d 413, 427 (Haw.2002) ("There is no savings statute in Hawai'i."); *Reid v. Cuprum S.A., de C.U.,* 611 N.W.2d 187, 190 (N.D.2000) ("North Dakota has not enacted a "savings statute" and has not judicially adopted the doctrine."); *Rink v. Richland Mem. Hosp.,* 422 S.E.2d 747, 748 (S.C.1992) (no savings statute, but a defendant may be "estopped from claiming the defense of statute of limitations when he consented to plaintiff's motion for voluntary dismissal and the statute had run prior to the granting of the dismissal"); *Peterson v. Hohm,* 607 N.W.2d 8, 13 (S.D.2000) ("It is our legislature's prerogative to enact statutes of limitations; as is its choice not to enact a 'savings statute.' Because our legislature has never created any type of 'saving statute' for situations such as this, we are not about to judicially create one.").

29.

2020-Ohio-854, 152 N.E.3d 981, ¶ 15 (9th Dist.). The law, however, is clear, with the legislative branch better positioned to address the issues raised by Underwood.

{¶ 59} Both the Ohio General Assembly and the Congress have demonstrated the ability to amend the law when necessary. In Ohio, the General Assembly amended the former savings statute to avoid harsh results. Prior to the amendment, the savings statute only applied if the action was timely commenced and then dismissed *after* the statute of limitations had run. *Lewis v. Connor,* 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985). Thus, a litigant could dismiss their suit a day before the statute of limitations ran, and the one-year period under R.C. 2305.19 would not apply to permit refiling within a year. *Armbrust v. United Tel. Co. of Ohio,* 119 Ohio App.3d 497, 499, 695 N.E.2d 823 (12th Dist.1997), citing *Malatesta v. Sharon Twp. Trustees,* 87 Ohio App.3d 719, 722, 622 N.E.2d 1163 (10th Dist.1993) ("A party who voluntarily dismisses an action before the limitations period expires, therefore, cannot take advantage of the savings statute."). In 2004, the General Assembly amended the statute to permit refiling within one year or "within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A).

{¶ 60} The provision at issue, 28 U.S.C. 1367(d), is itself the product of amendment, enacted by Congress to address the "unsatisfactory options" confronted by federal judges when determining "whether to retain jurisdiction over supplemental state-law claims that might be time barred in state court." *Jinks v. Richland County, S.C.,* 538

30.

U.S. 456, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003). The United States Supreme Court noted that section 1367(d) was enacted as "a straightforward tolling rule" in place of the various methods employed by federal courts to avoid time barred claims. *Jinks* at 463.

> In the pre-1367(d) world, [courts] had three basic choices: First, they could condition dismissal of the state-law claim on the defendant's waiver of any statute-of-limitations defense in state court. * * * Second, they could retain jurisdiction over the state-law claim even though it would more appropriately be heard in state court. * * * And third, they could dismiss the state-law claim but allow the plaintiff to reopen the federal case if the state court later held the claim to be time bared.

(Internal citations omitted) *Id.* at 462-463. The amendment eliminated the need for a judicial work-around by removing "a serious impediment to access to the federal courts on the part of plaintiffs pursuing federal- and state-law claims that 'derive from a common nucleus of operative fact.'" *Id.* at 463, quoting *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

{¶ 61} Here, Underwood essentially seeks a judicial work-around to permit her state claims to proceed, as application of the statute is now settled law. As noted by the majority, the United States Supreme Court held that section 1367(d) stops the clock, with the addition of a 30-day period after federal dismissal. *Artis v. District of Columbia,* 138 S.Ct. 594, 607-608, 199 L.Ed.2d 473 (2018). In this case, the clock had already run

31.

leaving nothing to "stop," as Underwood's statute of limitations had run at the time she filed in federal court with the use of the Ohio savings statute. Therefore, Underwood's predicament is similar to litigants in "the pre-1367(d) world," with no consideration by the federal court of a judicial work-around to avoid time-barred claims.

{¶ 62} The federal and state statutes clearly provide no vehicle to place Underwood's claims back in state court. Thus, the relief Underwood seeks would require this court to ignore the law and judicially enact policy to permit a third filing. As noted within the majority's analysis, "[i]t is not the province of [the] Court, however, to make policy decisions or place words in statutes that were not placed there by the General Assembly or Congress." (Citation omitted) *Vogel,* 2020-Ohio-854, 152 N.E.3d 981 at ¶ 18. While 28 U.S.C. 1367(d) contains no provision for transfer to a state court or requirement to consider the equities in dismissing state law claims, Congress could amend the law should it choose to do so and codify the prior considerations undertaken by federal courts prior to enactment of section 1367(d). The General Assembly could also choose to amend R.C. 2305.19 to address the issue.

{¶ 63} As noted by the majority, Underwood's argument is contrary to the law. What remains is best viewed as policy argument, appropriately addressed by the legislative branch and not the court. With this noted, I respectfully concur with the well-reasoned analysis of the majority.